Filed Sept. 20, 1884.

---

No. 11,564.

YERKES v. SABIN.

NEGLIGENCE.—*Common Carrier.*—*Ferryman.*—Where one engaged in the business of a ferryman for hire receives for transportation a wagon and horses in charge of a driver, the responsibility of the ferryman is not that of a common carrier in exclusive custody of goods, but he is liable for injury occurring through his neglect to provide reasonably safe and convenient means for the departure of horses and vehicles from the boat, the driver being without fault contributing to the injury.

SPECIAL FINDING.—*Burden of Issue.*—*Material Facts.*—A party who has the burden of the issue can not have a judgment unless all the facts essential to a recovery are stated in the special finding or verdict.

From the Vermillion Circuit Court.

*T. F. Davidson,* for appellant.

*J. Jump* and *C. W. Ward,* for appellee.

BLACK, C.—The appellant brought his action against the appellee to recover damages for an injury to a horse of the plaintiff, occasioned by the negligence of the defendant. There was an answer of general denial, and upon a trial by the court a special finding was rendered, to the conclusions of law in which the plaintiff excepted. He also moved, unsuccessfully, for a new trial.

The court found " that on the 21st day of November, 1883, and for more than fifteen years prior thereto, the defendant

was engaged in running a ferry-boat for hire, for the ferriage of persons, teams, stock and freight across the Wabash river at the town of Perrysville; that the defendant's ferry-boat was an ordinary ferry-flat, forty feet in length and eight to ten feet in width, having at each end an apron, or platform, extending across the boat, and three or four feet in width, used to anchor the boat to the shore and to make the entrance to and exit from the boat more safe and convenient for teams and vehicles; that the apron was attached to the boat by strap hinges, and there was a space of two and one-half inches intervening between the boat and the apron. The court further finds that on said 21st day of November, 1883, the plaintiff drove his team of horses, attached to a wagon loaded with wheat, upon the defendant's ferry-boat, for the purpose of being ferried across from the east to the west bank of the river; that the stream was safely crossed, and the boat anchored to the western shore of the river, and the plaintiff was directed by the defendant to drive his team off the boat, and that he undertook to do so; that as the team was in the act of crossing the apron from the boat to the shore, one of the plaintiff's horses became frightened at some object on the shore or boat, and shied, crowding the other animal off into the mud and water; that the horse still remaining upon the apron, in his struggles, slipped the small part of his leg, that part between the pastern-joint and the knee, into the crack between the apron and the boat; that this was done from the outer side of the apron; that it was not possible for the horse to get his foot down through the crack; that while the animal's leg was so fastened in the crack, he lunged forward and broke it, totally destroying the usefulness and value of the animal, and it thereby became necessary to kill him. The court further finds that the animal was of the value of one hundred dollars, and that the plaintiff retained the custody and control of his team while on the defendant's boat; that he exercised due care and caution in its management, and paid the defend-

ant the regular price of ferriage for taking him and his team across the river. The court further finds that the defendant had constantly used the boat, with its aprons attached as they were at the time of the accident to the plaintiff's horse, for four years, and that many teams had been landed from the boat daily during that time, except when the river was impassable, and that no similar accident had ever occurred before, and that for the ten years before that time he had used a boat with aprons similarly attached, from which teams had daily landed, except when the river was impassable, and that during that time no such accident had happened."

The court stated as its conclusion of law " upon the foregoing facts, that the defendant is not liable to the plaintiff for the injury sustained by the plaintiff's horse."

When one engaged in the business of a ferryman for hire, in the course of such business, receives upon his ferry-boat for transportation a traveller with horses attached to a vehicle and driven by the traveller, who retains possession and control of the horses and vehicle upon the boat, the responsibility of the ferryman in relation to such animals is not the common law responsibility of a common carrier of goods in his exclusive custody and control. In such a case the ferryman has certain duties to perform, and is liable for loss or injury occurring through his neglect to perform them, unless there be contributory fault on the part of the traveller. Among these is the duty to provide reasonably safe and convenient means for the departure from the boat of horses and vehicles transported thereon. *White* v. *Winnisimmet Co.*, 7 Cush. 155; *Wyckoff* v. *Queens County Ferry Co.*, 52 N. Y. 32; S. C., 11 Am. R. 650; *Harvey* v. *Rose*, 26 Ark. 3; S. C., 7 Am. R. 595; *Lewis* v. *Smith*, 107 Mass. 334; *LeBarron* v. *East Boston Ferry Co.*, 11 Allen, 312; Schoul. Bailm. 433; Whart. Neg., section 706, *et seq.*

The complaint in the case at bar charged that the injury to the horse occurred through the negligence of the defend-

ant, in keeping and maintaining his boat in an unsafe and dangerous condition, and without any fault or negligence of the plaintiff. The question of the negligence of the defendant was in issue, and the burden of showing his negligence was upon the plaintiff.

The court did not find whether or not the defendant was negligent. Among the facts stated in the finding were evidential facts relating to this question. Whether any of the facts stated did not constitute proper evidence need not be decided. Without a finding showing defendant's negligence, there could be no conclusion of law against him. .

In *Parker* v. *Hubble*, 75 Ind. 580, there was a special finding in which the court did not state an ultimate fact, the burden of proving which was upon the party in whose favor the conclusion of law was stated; but matter of evidence tending to prove such fact was set out in the finding. This court, in reversing the judgment for error in the conclusion of law because of the want of a finding of such fact, granted leave to move for a *venire de novo* to the appellee, thus appearing on the face of the special finding to be entitled to a finding as to such fact.

But in the case now before us the burden of proving the fact which the court did not find was upon the party excepting to the conclusion of law, and the conclusion was right upon the facts found.

The only cause assigned in the motion for a new trial, stated in different forms, was, that the finding was not sustained by sufficient evidence. All the facts stated in the finding were sustained by the evidence, though as to some of them there was conflicting testimony.

The judgment should be affirmed.

PER CURIAM.—Upon the foregoing opinion, the judgment is affirmed, at the appellant's costs.

Filed June 21, 1884.

ON PETITION FOR A REHEARING.

ELLIOTT, C. J.—We have examined the argument on the petition for a rehearing with care, but find no reason to doubt the soundness of our conclusion expressed in the opinion heretofore filed.

It is undoubtedly the law that a common carrier is *prima facie* liable, where it is proved that the passenger took passage and was injured without fault on his part, unless the evidence proving the accident also shows that the injury was not attributable to the negligence of the carrier. *Terre Haute, etc., R. R. Co.* v. *Buck*, 96 Ind. 346; *Memphis, etc., Co.* v. *McCool*, 83 Ind. 392; S. C., 43 Am. R. 71; *Pittsburgh, etc., R. R. Co.* v. *Williams*, 74 Ind. 462. But this rule does not govern this case. Here the owner took his horses on board the ferry-boat and remained in charge of them. If the ferryman had all the suitable and reasonable accommodations for safe conveyance, and used due care, he is not liable for an injury to horses taken on the boat and kept in charge of the owner. Whart. Neg., section 707, auth. n. There is in this case no finding that the boat was not reasonably safe; on the contrary, the inference is that the accident occurred not because the boat was not suitably constructed, but because one of the horses, becoming unmanageable, crowded the other horse off the boat and thrust his own leg into the opening between the boat and the apron. There is no finding that the opening was caused by the defective construction of the boat, or that it was caused by the negligent act of the appellee; for aught that appears the boat may have been properly constructed and managed with due care. *Kennedy* v. *Mayor*, 73 N. Y. 365, S. C., 29 Am. R. 169, is not at all in point, for there the court took the case from the jury on the ground that the unmanageability of the horse was the cause of the accident.

It is an old and well settled rule that a party who has the burden can not have a judgment, unless all the facts essential

to a recovery are stated in the special finding or verdict. *Dixon* v. *Duke*, 85 Ind. 434. It is equally well settled that no inferences will be made, except inferences of law arising out of the facts. 2 Tidd Pr. 897, auth. n.

