Filed May 24, 1886.

---

No. 12,470.

THE WESTERN UNION TELEGRAPH COMPANY v. KINNEY.

TELEGRAPH COMPANY.—*Statutory Penalty.*—*Forwarded Message.*—It is only the sender of a message who is entitled to recover from a telegraph company the penalty provided by section 4176, R. S. 1881, for failing to transmit.   One who directs his clerk to forward to him while absent from home an expected message from a third person, is not a sender within the meaning of such section.

SAME.—*Complaint.*—A complaint to recover a statutory penalty must aver facts which bring the case within the letter and the spirit of the statute.

From the Bartholomew Circuit Court.

*J. E. McDonald, J. M. Butler, A. L. Mason* and *H. L. Gordon*, for appellant.

*J. C. Orr*, for appellee.

NIBLACK, J.—This was a suit by Emanuel H. Kinney against the Western Union Telegraph Company, to recover a penalty of one hundred dollars, under the provisions of section 4176, R. S. 1881, for the alleged failure of the company to transmit a dispatch as it was required by law to do.

The complaint charged that the defendant was, at the time it was filed, engaged in telegraphing for the public, and had a line of telegraphic wires, partly within the State of Indiana, which extended from the city of Columbus, in said State, to Hillsdale, in the State of Michigan; that the plaintiff, on the 21st day of December, 1884, intending to be absent on business from his home in said city of Columbus, directed and

instructed his clerk and agent, engaged and employed in his office in said city, to telegraph to him at Hillsdale, in said State of Michigan, any message for him that might be delivered to such clerk and agent at Columbus aforesaid during the following day; that during the said last named day, that is to say, on the 22d day of December, 1884, the following telegraphic message was delivered at the plaintiff's office, at the city of Columbus:

"ALBION, MICHIGAN, Dec. 22d, 1884.

"*To E. H. Kinney, Columbus, Indiana.*

"Yes; if not number one must stand shrinkage. Pay first April. Can not meet you. A. J. BAILY & SON."

That upon the delivery of said message to the plaintiff at his office in Columbus, he, by his clerk and agent aforesaid at that place, took and delivered to the defendant, during the usual business hours, at its office in said city of Columbus, a message as follows, which it, the defendant, received and agreed to transmit to the plaintiff's temporary residence, at Hillsdale, in the State of Michigan, to wit:

"COLUMBUS, INDIANA, Dec. 22d, 1884.

"*To E. H. Kinney, Hillsdale, Michigan.*

"Yes; if not number one must stand shrinkage. Pay first April. Can not meet you. A. J. BAILY & SON."

That the plaintiff paid to the defendant the usual and required charge, to wit, the sum of seventy-three cents, for the transmission of said last named message to his address at Hillsdale, Michigan, aforesaid, but that the defendant wholly failed and neglected to transmit said message as the plaintiff had addressed the same, and wholly failed and neglected to transmit said message to said Hillsdale, in the State of Michigan, on said 22d day of December, 1884, or at any time thereafter.

A demurrer to the complaint being first overruled, the jury, under the direction of the circuit court, returned a special verdict, upon which a judgment was rendered against the defendant for the penal sum of one hundred dollars.

Error is first assigned upon the overruling of the demurrer to the complaint. The most important objection urged against the sufficiency of the complaint is, that it is only the sender of a telegraphic message who can recover the penalty prescribed by section 4176, R. S. 1881, herein above referred to, and that, upon the facts charged, the plaintiff was in no sense the sender of the message which the defendant failed and neglected to transmit to him at Hillsdale.

It was held by this court in the carefully and very elaborately considered case of *Western Union Tel. Co.* v. *Pendleton,* 95 Ind. 12 (48 Am. R. 692), that it is only the sender of a message who can recover the penalty provided by the section of the statute upon which this action is based, and the doctrine of that case was, as we believe, rightly reaffirmed in the subsequent case of *Western Union Tel. Co.* v. *Reed,* 96 Ind. 195. In regard, therefore, to the parties to an action like this, the construction given as above to the section in question may now be accepted as an authorized and well established construction, resting upon competent authority. With this construction in view, we know of no principle upon which it can be said that the plaintiff was the sender of the message which his clerk and agent directed should be forwarded to him from Columbus to Hillsdale.

The message was substantially the same message which A. J. Baily & Son had sent to the plaintiff in the first instance, with only the address as to the place of destination changed by his authority and direction. It continued, as it was from the first, to be a message from Baily & Son to the plaintiff, and the relations of Baily & Son to the message as the persons who sent it, and who were alone responsible for its contents, were not changed by the new address which was attached to it. The plaintiff was the receiver of the message at Columbus, and, in legal contemplation, would have been its receiver and its receiver only if it had reached him at Hillsdale. The transaction described in the complaint, when briefly summarized, means that a message sent to the plain-

tiff to Columbus was by his authority ordered to be forwarded to him at Hillsdale, which was not done by reason of some failure or neglect on the part of the defendant. This ordering a message to be forwarded was in no respect the sending of a message by the plaintiff within the meaning of the statute, and the averment of the complaint that it was such a sending was a mere conclusion of law, inconsistent with the facts relied upon for its support.

A complaint to recover a statutory penalty must aver facts which bring the case presented by it within both the letter and the spirit of the statute. *Western Union Tel. Co.* v. *Axtell*, 69 Ind. 199.

Whether the defendant may not have incurred a liability to the plaintiff under section 4177, R. S. 1881, is a question not now before us, and which consequently has not been considered at the present hearing. That might depend upon additional facts not contained in the complaint now under consideration. *Western Union Tel. Co.* v. *Trissal*, 98 Ind. 566.

Other objections are urged to the sufficiency of the complaint, as well as to several points in the proceedings at the trial, but as the judgment will, in any event, have to be reversed for want of a sufficient complaint, we need not further extend this opinion.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Filed May 24, 1886.