No. 12,481.

THE WESTERN UNION TELEGRAPH COMPANY v. BROWN.

TELEGRAPH COMPANY.—*Section 4176, R. S. 1881.—Repeal of by Implication by Act of 1885.*—Section 4176, R. S. 1881, relating to the duty of telegraph companies in the transmission of messages, and providing penalties, was repealed by implication by the act of April 8th, 1885 (Acts 1885, p. 151), on the same subject.

SAME.—*Penalty.—Repeal of Act Providing, Does Not Prevent Recovery.*—Under section 248, R. S. 1881, the repeal of a statute providing a penalty does not extinguish a right of action which accrued thereunder, unless the repealing act expressly so provides. The act of 1885 not so providing, section 4176 is to be treated as in force for the purpose of sustaining an action to recover a penalty incurred before its repeal.

SAME.—*Sender of Message.—Right of Action.—Quære.*—Under section 4176 only the sender of a message could maintain an action for the penalty therein provided. *Quære,* whether the right of action is extended by the act of 1885.

SAME.—*Burden of Proof.—Special Finding.*—The burden is upon the plaintiff, in an action for the penalty, to show that he was the sender of the message, and if there is a special finding of facts, the fact that he was the sender must affirmatively appear.

SAME.—A finding that the plaintiff, Alonzo F. Brown, delivered to the telegraph company, and paid for the transmission of, a message signed "L. F. Brown," is not a sufficient finding that the plaintiff was the sender.

SUPREME COURT.—*Special Finding.— New Trial.— Mandate on Reversal of Judgment.*—Where there is a special finding of facts and conclusions of

law, the Supreme Court, on reversing the judgment, will remand the cause for a new trial where justice requires it, instead of for judgment on the facts.

From the Vigo Circuit Court.

*J. E. McDonald, J. M. Butler* and *A. L. Mason*, for appellant.
*S. C. Stimson* and *R. B. Stimson*, for appellee.

ZOLLARS, J. — Appellee was awarded judgment below against appellant for the statutory penalty as provided by section 4176, R. S. 1881, being section 1 of an act passed in 1852, for a failure to transmit a message in proper time.

Appellant's counsel contend that the act of 1885, Acts 1885, p. 151, by implication, repealed the above section of the act of 1852, and that that repeal took away all right to the penalty, although a penalty in a like amount is provided by the act of 1885, for a violation of its provisions.

Section 4176, *supra*, reads as follows:

" Every electric telegraph company with a line of wires wholly or partly in this State, and engaged in telegraphing for the public, shall, during the usual office hours, receive dispatches, whether from other telegraphic lines or from individuals; and, on payment or tender of the usual charge, according to the regulations of such company, shall transmit the same with impartiality and good faith, and in the order of time in which they are received, under penalty, in case of failure to transmit, or if postponed out of such order, of one hundred dollars, to be recovered by the person whose dispatch is neglected or postponed : *Provided, however,* That arrangements may be made with the publishers of newspapers for the transmission of intelligence of general and public interest out of its order, and that communications for and from offices of justice shall take precedence of all others."

The act of 1885 is as follows :

"An act prescribing certain duties of telegraph and telephone companies, prohibiting discrimination between patrons, providing penalties therefor, and declaring an emergency.

"Section 1. *Be it enacted*, * * * * That every telegraph company with a line of wires wholly or partly within this State, and engaged in doing a general telegraphic business, shall during the usual office hours receive dispatches, whether from other telegraph lines or other companies, or individuals, and shall, upon the usual terms, transmit the same with impartiality and in good faith, and in the order of time in which they are received, and shall in no manner discriminate in rates charged or words or figures charged for or manner or conditions of service between any of its patrons, but shall serve individuals, corporations and other telegraphic companies with impartiality : *Provided, however,* That arrangements may be made with the publishers of newspapers for transmission of intelligence of general and public interest out of its order, and that communication for and from officers of justice shall take precedence of all others. * * * * *

"Section 3. Any person or company violating any of the provisions of this act shall be liable to any party aggrieved in a penalty of one hundred dollars for each offence, to be recovered in a civil action in any court of competent jurisdiction : *Provided,* Nothing in this act shall be construed to take away or abridge the right of such aggrieved party to appeal to a court of equity to prevent such violations or discriminations by injunction or otherwise."

In our judgment, this later act operated as a repeal of the above section 4176. The title is comprehensive, and clearly indicates an intention on the part of the Legislature to revise the whole subject of penalties against telegraph companies for a failure to transmit messages promptly and with impartiality.

The act also covers the whole subject-matter, is different and more comprehensive in its terms than section 4176, and contains provisions not found in that section, and that are not reconcilable therewith.

When such is the case, the later act repeals the former upon the same subject. *State* v. *Christman,* 67 Ind. 328, and

cases there cited; *Lindsay* v. *Lindsay*, 47 Ind. 283; *State* v. *Horsey*, 14 Ind. 185; *DePauw* v. *City of New Albany*, 22 Ind. 204; *Coghill* v. *State*, 37 Ind. 111; *Dowdell* v. *State*, 58 Ind. 333; *Hayes* v. *State*, 55 Ind. 99; *Wright* v. *Wright*, 97 Ind. 444; *State, ex rel.*, v. *Board, etc.*, 104 Ind. 123; *Hadley* v. *Musselman*, 104 Ind. 459.

Section 4176 required that messages should be transmitted promptly and with impartiality, whether received from other telegraph companies or from individuals, but the penalty was only for a failure to transmit the message, or the postponing of it out of its order. It also provided that the penalty might be recovered by the person whose dispatch was neglected or postponed.

The act of 1885 provides that messages shall be transmitted promptly and with impartiality whether received from other telegraph lines or other companies, or from individuals, and that the company "*shall in no manner discriminate in rates charged or words or figures charged for or manner or conditions of service between any of its patrons.*" It further provides, that any *person* or company violating *any of the provisions* of the act shall be liable to *any party aggrieved* in a penalty of $100 for each offence, etc. The portions above italicized show the difference between the two acts.

In the act of 1852, section 4176, *supra*, the penalty, as we have seen, is alone for the failure or delay in the transmission of the message.

In the act of 1885, the penalty may be recovered also for any forbidden discrimination. The act of 1852, section 4176, *supra*, as interpreted by this court, gave a right of action for the penalty to the sender of the dispatch only. *Western Union Tel. Co.* v. *Pendleton*, 95 Ind. 12; *Western Union Tel. Co.* v. *Reed*, 96 Ind. 195; *Western Union Tel. Co.* v. *Kinney*, 106 Ind. 468.

Whether or not the act of 1885, by the use of the term "party aggrieved," extends the right to the penalty to any

one except the sender of the dispatch, is a question we need not here decide.

The message which gave rise to this action was delivered to the company on the 2d day of December, 1883. The action was commenced in December, 1884, and tried in July, 1885. It will thus be seen, that the action is to enforce a penalty incurred, if at all, under the above section 4176, and that the action was pending when the act of 1885 took effect on the 8th day of April, 1885.

There is no vested right in a penalty. The general rule is, that an action can not be maintained to recover a penalty after the act giving it is repealed, unless it be saved by the repealing act. Thompson v. Bassett, 5 Ind. 535. There is no such saving clause in the act of 1885. It does not follow, however, that appellee's right of action for the penalty was lost with the repeal of section 4176. In 1877, an act was passed, the first section of which, amongst other things, provided as follows:

"And the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." R. S. 1881, section 248.

This statute clearly applies in the case before us. Whatever rights appellee may have had to the penalty under section 4176, therefore, are saved to him by this statute.

For the purposes of this action, in the recovering of that penalty, section 4176 is to be regarded as still in force.

The court, therefore, did not err in overruling the demurrer to appellee's complaint.

As appellee must recover the penalty, if at all, under section 4176, it follows that it must be made to appear that he was the sender of the dispatch within the meaning of that

section as heretofore interpreted by this court, that is, it must appear that it was a message from him to some other person.

At the request of appellant, the trial court disposed of the case by a special finding of facts and conclusions of law thereon. The finding of facts as to appellee's connection with the dispatch is as follows:

" That on said December 2d, 1883, the plaintiff delivered to the agent of the defendant at said Union depot office, in Terre Haute, Indiana, for transmission to Crawfordsville, the following message, to wit:

"'December 2d, 1883.

" ' To T. D. Brown, Crawfordsville.

"'Please tell Dr. Brown, of Alamo, immediately, that Duck is dead; died at ten this morning; be home 3d, on morning train. Have Frank Snyder at the Logansport depot with hearse and one cab for Alamo.      L. F. BROWN.'

" That at the time said message was delivered, the plaintiff paid to said agent the sum of eighty cents, being the amount demanded by said agent for sending said message," etc.

This is not a finding that appellee was the sender of the dispatch. It is found that he delivered the dispatch to the company, and paid for the transmission, but that is not a finding that the dispatch was from him to T. D. Brown. He may have delivered the dispatch to the company, and paid for its transmission with his own money, and yet not be the sender of it, in the sense of the statute. *Western Union Tel. Co. v. Kinney, supra.*

The dispatch set out as a part of the special finding is signed " L. F. Brown," and there is no finding that the signature is that of appellee, Alonzo F. Brown.

It is by no means a necessary inference from the facts found that appellee was the sender of the dispatch. The burden was upon him to show that the dispatch was a message from him, and in order that he may recover upon the facts specially found, they must affirmatively show what he was thus bound to prove.

"It is now well settled that where the finding is silent upon a material point it is to be deemed to be adverse to the party upon whom rests the burden of establishing that point." *Dodge* v. *Pope*, 93 Ind. 480.

"Under the rule declared in *Graham* v. *State, ex rel.*, etc., 66 Ind. 386, the special finding must be deemed to embrace all the facts which were proved, and all issues not determined by the facts found must be regarded as not proven by the party having the burden of the proof thereof." *Vannoy* v. *Duprez*, 72 Ind. 26. See, also, *First Nat'l Bank*, etc., v. *Carter*, 89 Ind. 317; *Dixon* v. *Duke*, 85 Ind. 434; *Johnson* v. *Putnam*, 95 Ind. 57; *Hedges* v. *Keller*, 104 Ind. 479; *Bass* v. *Elliott*, 105 Ind. 517; *Glantz* v. *City of South Bend*, 106 Ind. 305.

"Where the special finding is silent as to facts which a party is required to affirmatively establish, it will be presumed on appeal, that the evidence failed to establish such facts." *Mitchell* v. *Colglazier*, 106 Ind. 464.

We have no means of knowing what the evidence may have been.

If, in fact, the evidence showed that appellee was, in the sense of the statute, the sender of the dispatch, he should have seen to it that the fact was specially found, and definitely and affirmatively stated.

As the special finding of facts does not show that appellee was the sender of the dispatch, the conclusion of law, and the awarding of judgment for the penalty in his favor by the court below, are erroneous, and the judgment must be reversed.

Filed Sept. 15, 1886.

## ON PETITION FOR A REHEARING.

PER CURIAM.—In reversing the judgment an order was made directing the court below to change its conclusions of law, and render judgment for appellant on the special finding of facts.

After considering the petition for a rehearing, we have reached the conclusion that the rights of the parties will be

b**tter protected by changing the mandate, and ordering that
the judgment be reversed, at appellee's costs, and that the
cause be remanded, with instructions to the court below to
grant a new trial to appellee, if moved for; otherwise to ren-
der judgment for appellant upon the special finding of facts.
This we have authority to do. *Parker* v. *Hubble*, 75 Ind.
580; *Yerkes* v. *Sabin*, 97 Ind. 141 (144); *Shannon* v. *Hay*,
106 Ind. 589.*

Filed Nov. 22, 1886; motion to modify mandate overruled Feb. 24,
1887.

* NOTE.—See *Buchanan* v. *Milligan*, *ante*, p. 433.    REPORTER.