# WESTERN UNION TELEGRAPH COMPANY v. TROTH.

[No. 6,338. Filed April 29, 1908. Rehearing denied July 1, 1908. Transfer denied January 6, 1909.]

1. TELEGRAPHS AND TELEPHONES.—*Failure to Send Message.—Penalties.—"Party Aggrieved."*—Under §5781 Burns 1908, Acts 1885, p. 151, §3, providing that any telegraph company failing to deliver a message "shall be liable to any party aggrieved in a penalty," the "party aggrieved" is not restricted to the person whose name is attached as sender of the message, but is the real party in interest. p. 11.

2. PLEADING.—*Complaint.—Telegraphs.—Penalty for Failure to Deliver Message.—Parties.*—A complaint against a telegraph company for the recovery of a penalty for its failure to deliver a message, alleging that the plaintiff wrote, paid for and delivered the message to the company, sufficiently shows that the plaintiff is the real party in interest. p. 13.

3. TELEGRAPHS AND TELEPHONES.—*Penalties.—Parties.—Evidence.* —The presumption is that the party whose name is signed to a message is the real party in interest in sending such message, but evidence is admissible to rebut such presumption and to show that another is the real party. p. 14.

4. TRIAL.—*Special Findings.—Conclusions or Facts.—Telegraphs.— Parties.*—A special finding "that said message so written by plaintiff and delivered to said defendant was a message from the plaintiff to William H. Troth," is a finding of a fact, and shows that he was the sender of the message. p. 15.

5. TRIAL.—*Special Findings.—Conclusions.*—Conclusions in special findings will be disregarded. p. 15.

6. TELEGRAPHS AND TELEPHONES.—*Claims for Damages.—Conditions.—Burden of Proof.*—The burden of proving that the sender of a telegraph message failed to make any claim therefor, within sixty days, as provided in the conditions annexed to the blank on which such message was written, is upon the company. p. 15.

7. TELEGRAPHS AND TELEPHONES.—*Penalty.—Demand.—Evidence.*— Evidence that the sender of a telegraph message wrote to the company within sixty days, claiming "damages" for the company's failure to deliver his message, sufficiently shows a claim made within such time for the "penalty" provided by statute (§5781 Burns 1908, Acts 1885, p. 151, §3). p. 16.

From Orange Circuit Court; *Thomas B. Buskirk*, Judge.

Action by Robert A. Troth against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Pickens, Moores, Davidson & Pickens, George H. Fearons* and *Samuel R. Lambdin,* for appellant.

*Perry McCart,* for appellee.

COMSTOCK, J.—Action by the appellee against the appellant to recover the penalty for the nondelivery of a telegram, prescribed by the act of April 8, 1885 (Acts 1885, p. 151, §§5780, 5781, 5802 Burns 1908), entitled: "An act prescribing certain duties of telegraph and telephone companies, prohibiting discrimination between patrons, providing penalties therefor and declaring an emergency."

It is alleged in the complaint that on July 23, 1905, plaintiff delivered to the defendant at its said office at the town of Orleans, during its regular office hours, to be transmitted and delivered to William H. Troth, in care of Mugg Telephone Company at the town of Spencer, the following telegraphic dispatch, to wit:

"7, 23, 1905.

To William H. Troth, c/o Mugg Telephone, Spencer, Indiana.

Eula dead.   Funeral ten Tuesday.   Meet us Spencer nine train.

H. B. Troth."

That the plaintiff wrote said message and signed the same "H. B. Troth," as appears by the copy of said message; that he then and there complied with all the rules of said defendant company required to transmit said dispatch, and then and there paid to said defendant company its regular rates and charges for transmitting and delivering said dispatch, to wit, the sum of twenty-five cents.   Plaintiff avers that at the time said dispatch was so received by said defendant and at the time plaintiff so paid said defendant company for transmitting said dispatch as aforesaid, and for six months prior to said time, the Mugg Telephone Company had its office in said town of Spencer and within one mile of defendant's said office in said city, and that said telephone company during said time and at said place had its office

open and attended by persons competent and ready to receive said dispatch in care for said William H. Troth; that the defendant wholly failed to transmit said dispatch, and neglected to deliver said dispatch to said company at the time. A demurrer for want of facts to this complaint was overruled, and the defendant answered in two paragraphs. The first being a general denial, and the second, that the telegram was sent subject to the conditions indorsed thereon, as follows: ''The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message was filed with the company for transmission,'' and that no claim was so presented within the period named. The plaintiff demurred to said second paragraph of answer, which demurrer was overruled. The plaintiff replied, by general denial, to the second.

Upon proper request the court made a special finding of facts, among which are the following: (1) On July 23, 1905, the plaintiff filed in the office of the defendant, at Orleans, Indiana, for transmission by the defendant, by telegraph, to William H. Troth, in care of the Mugg Telephone Company, at Spencer, Indiana, a certain message, as follows: (Being the same message heretofore set out in the complaint.) Said message was written by the plaintiff upon a printed blank furnished by defendant's manager and operator at Orleans, Indiana, and the printed portion of said blank was as follows:

> ''The Western Union Telegraph Company. * * *
> Send the following message, subject to the terms on the
> back hereof, which are hereby agreed to. * * * The
> company will not be liable for damages or statutory penalties in any case where the claim is not presented in
> writing within sixty days after the message is filed with
> the company for transmission.''

(2) On July 23, 1905, and for a long time prior thereto, and continuously thereafter up to and at the time of the trial of this cause, the defendant was a corporation acting

under the laws of the State of Indiana, and was engaged in doing general telegraphic business for the public and for hire. Defendant, during all of said time, kept and maintained an office at the town of Orleans, in Orange county, Indiana, for the purpose of receiving dispatches to be sent over its lines of wires. On said day defendant was the owner and operator of a line of wires extending from the town of Orleans to the town of Spencer, both in the State of Indiana, at which last-named town the defendant on said day kept and maintained an office for the purpose of receiving and sending, and receiving and delivering, telegraphic messages for the public. (3) Plaintiff wrote said message at the office of said defendant at Orleans, Indiana, on the blank furnished to him by the defendant's manager and agent at said town, and signed the same by the name and style of H. B. Troth, after which he delivered said message to said manager of defendant's office for transmission, and at the time paid to said manager the sum of twenty-five cents, this being the charge named and fixed by said manager of the defendant for transmitting said message from the town of Orleans to the town of Spencer. (4) Said message so written by plaintiff and delivered to said defendant's said manager was a message from the plaintiff to William H. Troth, and in sending said message the plaintiff acted for himself, and he was the sender of said message. (5) At the time said message was received by defendant for transmission the Mugg Telephone Company, mentioned in said message, and in care of which said message was to be delivered, had its office in the town of Spencer, Indiana, and within less than one mile of the defendant's office in said town, which office of said Mugg Telephone Company was kept open both day and night, and was at all times attended by competent and proper persons, ready to receive and care for messages. (6) Said message was not transmitted nor received at the office of defendant at said town of Spencer, Indiana, in the regular order in which it was filed for transmission, and was never at any time de-

livered to said Mugg Telephone Company, nor to any other person for said William H. Troth, and in fact was never received by the defendant at its office in said town of Spencer, Indiana, for delivery, and was never delivered to said William H. Troth. (7) Within sixty days after filing said message at the office of defendant at Orleans, Indiana, the plaintiff made demand in writing on defendant for payment of the penalty provided by the statute as required by the terms printed on the back of the blank on which plaintiff wrote said message.

As conclusions of law the court stated that, by failing to transmit and deliver said message, the defendant violated its duty to the plaintiff and incurred the statutory penalty of $100, and that the plaintiff is entitled to recover from the defendant the statutory penalty of $100, together with his costs in this action.

To the conclusions of law the defendant excepted, and judgment was rendered in favor of the appellee for $100 and costs.

The defendant moved for a *venire de novo*, on the grounds that the special findings, upon material and essential issues, stated conclusions instead of facts; that special finding four was a conclusion instead of a fact, and that the special findings were not sufficient to sustain the judgment for the plaintiff. The motion was overruled, as was also defendant's motion for a new trial.

The errors assigned are the overruling of appellant's demurrer to the complaint, the overruling of appellant's motions for a *venire de novo* and for a new trial.

It is claimed that the complaint is insufficient because the statutory penalty is recoverable by the person whose name is signed to the telegram; and that the appellee is 1. not the party aggrieved within the meaning of the statute. The section of the statute pertaining to this proposition is section three of the act of 1885 (Acts 1885, p. 151, §5781 Burns 1908), which reads as follows: "Any

person or company violating any of the provisions of this act shall be liable to any party aggrieved in a penalty of $100 for each offense, to be recovered in a civil action in any court of competent jurisdiction.'' We cannot conclude from the wording of the statute that the company is liable only to the person whose name is signed to the dispatch. The foundation of the right is the contract of the corporation. The party aggrieved is the real party in interest—the party with whom the contract was entered into and for whose benefit the service was to be rendered, and not merely the person whose name is signed to the message.

In *Western Union Tel. Co.* v. *Mossler* (1884), 95 Ind. 29, it is said: ''To authorize a recovery in a case like the present, the complaint must aver, and the evidence must show, in addition to other necessary facts, that the plaintiff paid or tendered the company's charges for transmitting the message, at the time of sending it.''

In the case of *Western Union Tel. Co.* v. *Pendleton* (1884), 95 Ind. 12, 18, 48 Am. Rep. 692, the court said: ''The action given by the statute is for a penalty, and the right to maintain it is in the sender of the message, who pays or tenders the compensation provided by the rules and regulations of the company.''

In the case of *Hadley* v. *Western Union Tel. Co.* (1888), 115 Ind. 191, 199, the court said: ''It is only those who give business to, and send dispatches over the wires of, a telegraph company that can rightly be called its patrons, within the meaning of the statute.''

In *Western Union Tel. Co.* v. *Ferguson* (1901), 157 Ind. 37, the term ''aggrieved party'' is defined as the person whose message the telegraph company has refused to receive or failed to transmit on the terms or in the manner prescribed by the statute.

In the case of *Western Union Tel. Co.* v. *Jones* (1884), 95 Ind. 228, 232, 48 Am. Rep. 713, the following language is

used: "The penalty provided by the statute is given to one who contracts with the telegraph company for the transmission of a message. * * * The formal right of action and the entire beneficial interest are exclusively in the individual who contracts with the company in the particular instance."

The averments in the complaint that plaintiff wrote, signed, paid for and delivered the message to the defendant company, presumptively show that he was the real party in interest, and make the complaint sufficient to withstand a demurrer. Appellant cites the following cases in support of the demurrer: *Western Union Tel. Co.* v. *Meek* (1874), 49 Ind. 53; *Western Union Tel. Co.* v. *Pendleton, supra; Western Union Tel. Co.* v. *Reed* (1884), 96 Ind. 195; *Western Union Tel. Co.* v. *Kinney* (1886), 106 Ind. 468; *Western Union Tel. Co.* v. *Brown* (1886), 108 Ind. 538; *Hadley* v. *Western Union Tel. Co., supra; Western Union Tel. Co.* v. *Ferguson, supra; Thompson* v. *Western Union Tel. Co.* (1903), 40 Misc. (N. Y.) 443, 82 N. Y. Supp. 675. These cases decide that only the sender, not the receiver, of the telegram is the aggrieved party, and has the right to bring the action under the statute.

In *Western Union Tel. Co.* v. *Kinney, supra,* the action was by appellee, who directed his clerk to forward messages sent to him during his absence. Appellee was held not to be the sender of the message which the clerk had received and forwarded, and he could not therefore recover.

In *Western Union Tel. Co.* v. *Brown, supra,* suit was brought by Alonzo F. Brown to recover for the nondelivery of a telegram signed "L. F. Brown." The court said: "It is found that he delivered the dispatch to the company, and paid for the transmission, but that is not a finding that the dispatch was from him to T. D. Brown. He may have delivered the dispatch to the company, and paid for its transmission with his own money, and yet not be the sender of

it, in the sense of the statute. *Western Union Tel. Co.* v. *Kinney* [1886], 106 Ind. 468. The dispatch set out as a part of the special findings is signed 'L. F. Brown,' and there is no finding that the signature is that of appellee, Alonzo F. Brown.'' The decision was against appellee, apparently not because his name was not signed to the telegram, but because, in the language of the opinion, ''it is by no means a necessary inference from the facts found that appellee was the sender of the dispatch. The burden was upon him to show that the dispatch was a message from him, and in order that he may recover upon the facts specially found, they must affirmatively show what he was thus bound to prove.''

The name signed to a letter of telegraphic dispatch may assist in identifying the writer. A letter, received in due course of mail in response to a letter sent by the receiver, is presumed, in the absence of anything to the contrary, to be the letter of the person whose name is signed to it. *Scofield* v. *Parlin & Orendorff Co.* (1894), 61 Fed. 804, 10 C. C. A. 83. In the case at bar such presumption is repelled by the affirmative evidence that the message was from the appellee. The evidence shows that appellee asked the manager of appellant for, and received from him, telegraph blanks. He wrote the message, and signed the name ''H. B. Troth,'' and paid the charges—twenty-five cents. ''Eula,'' named in the message, was the daughter of appellee's brother, Homer B. Troth, whose name is signed to the telegram as ''H. B. Troth.'' He lived two and one-half miles southeast of Orleans, in Orange county. The daughter died on the morning the dispatch was filed, and was to be buried in Owen county. Appellee had to arrange for the funeral, and the telegram was sent in that connection. He used his own money in paying for the telegram. It was not sent by any one's request or direction. There is evidence that he sent it of his own motion, and there is no evidence

that he sent it at the instance or request of any other person.

Appellant's second point is that its motion for a *venire de novo* "should have been granted because finding four upon which the judgment rests is really a conclusion of law; that from special finding one it is clear that the sender of the dispatch in suit was Homer B. Troth, whereas said special finding four states a conclusion of law and not a fact, and that upon finding four plaintiff's sole right of recovery rests." Is said finding four a conclusion of law and not a fact? The following portion is the finding of a fact: "That said message so written by plaintiff and delivered to said defendant was a message from the plaintiff to William H. Troth." The remainder—"and in sending said message the plaintiff acted for himself and he was the sender of said message"—may, for the purpose of this case, be conceded to be a conclusion of law. It is the rule that mere conclusions in a special finding of facts are to be disregarded. If that portion of said finding four conceded to be a conclusion is eliminated, there remain the other findings, viz., that the message was written, signed by, paid for and delivered to appellant's manager by appellee, facts sufficiently showing that he was the sender of the message.

Does the evidence support finding seven, that within sixty days after filing said message at the office of defendant the plaintiff made demand in writing on defendant for payment of the penalty, as required by a provision on the back of the blank on which plaintiff wrote said message? This is the remaining question discussed. The defense to which this finding was pertinent was an affirmative one, and it was necessary specially to plead it, and the burden of its proof was on the defendant. *Western Union Tel. Co.* v. *Scircle* (1885), 103 Ind. 227; *Western Union Tel. Co.* v. *Trumbull* (1891), 1 Ind. App. 121.

Plaintiff testified that about September 12 he wrote the company, making a demand for the payment of damages. There were other letters written by him, in which the company was given to understand that he expected payment for the failure to deliver the message. These were not formal demands for a "penalty." The word "damages" is used, but appellant was seasonably notified of appellee's claim, and that he expected its payment. It gave the company notice in time to enable it to investigate the case while the facts were "new and ascertainable." This was the purpose of the stipulation indorsed on the back of the blank. There was ample evidence to warrant said special findings.

Judgment affirmed.

Roby, C. J., absent.