## WESTERN UNION TELEGRAPH CO. v. COYLE.

No. 2115.    Opinion Filed September 14, 1909.

(104 Pac. 367.)

1. **EVIDENCE—Opinions—Qualifications—Means of Knowledge.** Whenever it is desired to have the opinion of a witness on the subject of value, it is always necessary, whether the witness is offered as an expert or not. to lay some foundation for the introduction of his opinion, by showing that he has had the means to form an intelligent opinion, derived from an adequate knowledge of the nature and kind of property in controversy, and of its value.

2. **STATUTES—Strict Construction — Penal Statutes.** Wilson's Rev. & Ann. St. 1903, section 729, provides that "Every person whose message is refused or postponed, contrary to the provisions of this chapter, is entitled to recover from the carrier his actual damages, and fifty dollars in addition thereto." The statute as to the $50 recoverable in addition to the actual damages, being penal in its nature, must be strictly construed.

3. **TELEGRAPHS AND TELEPHONES—Damages—Persons Entitled to.** By "every person whose message is refused" means the sender of the message; that is, the person whose name is signed thereto.

Kane, C. J., dissenting.

(Syllabus by the Court.)

*Error from Probate Court, Greer County; Jarrett Todd, Judge.*

Action by John Arthur Coyle against the Western Union Telegraph Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*George H. Fearons* and *Shartel, Keaton & Wells,* for plaintiff in error, citing: *Butner v. Telegraph Co.,* 2 Okla. 247; *W. U. Telegraph Co, v. Mossler.* 95 Ind. 29; *Langley v. Telegraph Co.* (Ga.) 15 S. E. 291; *Kester v. W. U. Tel. Co.,* 8 Ohio Cir. Ct. R. 236; *W. U. Tel. Co. v. Kinney* (Ind.) 7 N. E. 191; *W. U. Tel. Co. v. Brown* (Ind.) 8 N. E. 171; *Hadley v. Telegraph Co.* (Ind.) 15 N. E. 845.

*Andrew M. Stewart* and *Thomas M. Robinson,* for defendant

in error, citing: *Dodd v. Telegraph Co.*, 112 Ga. 685; *Thurn v. Telegraph Co.*, 15 Cal. 473.

TURNER, J. This is a proceeding in error from an action brought by John Arthur Coyle, defendant in error, plaintiff below, in the probate court of Greer county against the Western Union Telegraph Company, plaintiff in error, defendant below, to recover $200 actual damages and $50 penalty, under Wilson's Rev. & Ann. St. 1903, § 729, which is as follows:

"Every person whose message is refused or postponed, contrary to the provisions of this chapter, is entitled to recover from the carrier his actual damages, and fifty dollars in addition thereto."

The petition substantially states that on December 23, 1905, plaintiff by J. B. Lenertz, his authorized agent, delivered to defendant for transmission a message which read as follows:

"Granite, Oklahoma, Dec. 23, 1905. To George Austin, care of Austin Drilling Co. Paola, Kans. Will accept offer of Shay, F. O. B. Granite. Ship at once. This is a new line. Am on deal. Wire answer. J. B. Lenertz."

That defendant accepted said message and agreed to transmit it and deliver it without unnecessary delay; that defendant failed to transmit said message. That the same accepted a proposition which had been made by said Austin to purchase a well-drilling cable. That by reason of the failure to transmit said message plaintiff was actually damaged in the sum of $200, for which he prayed judgment, together with the statutory penalty of $50, for postponing the message. After answer, in effect a general denial, the cause was tried to the court, and judgment rendered in favor of plaintiff for $131.25, actual damages, and $50, the statutory penalty. As error defendant contends that the judgment is not supported by sufficient evidence, and is contrary to law, in that (1) there was no competent evidence introduced as to the actual damage sustained; and (2) that plaintiff, not being the sender of the message, cannot recover the statutory penalty.

Resolving all controverted facts in favor of plaintiff, the evidence discloses that the message was delivered to defendant for

transmission, who failed to do so; that J. B. Lenertz, who delivered it, and whose name is subscribed to the message, was the agent of plaintiff; that one Shay was the agent of Austin, the addressee; that said Austin negotiated personally and through said Shay with said Lenertz for the purchase of a certain cable, the property of plaintiff, which said Lenertz was authorized to sell; that said Austin told Shay that he (Austin) would purchase the cable at a certain price, viz., 10 cents per pound f. o. b. Osceola, Mo.; that the message was for the purpose of notifying Austin that his said offer would be accepted f. o. b. Granite; that said Austin was engaged in the well-drilling business, and waited for some time to hear from Lenertz regarding his offer, and, not hearing from him, purchased another cable. Over the objection of defendant said Austin was permitted to testify that if he had received the message in due time, he would have bought the cable on the terms proposed in said message. Conceding that on the facts as stated the minds of the parties would have met but for defendant's failure to send the message, and that plaintiff was entitled to recover actual damages, the measure of such would be the difference between the price that would have been realized had the sale not been prevented and the price which the plaintiff, in the exercise of reasonable diligence, would thereafter be able to obtain for the cable, together with expenses necessarily incurred in consequence of the failure. 27 Am. & Eng. Enc. of Law, 1066; *Western Union Tel. Co. v. James*, 90 Ga. 254, 16 S. E. 83; *Evans et al. v. Western Union Tel. Co.*, 102 Iowa, 219, 71 N. W. 219; *Western Union Tel. Co. v. Nye, etc., Co.*, 70 Neb. 251, 97 N. W. 305, 63 L. R. A. 803; *Brook et al. v. Western Union Tel. Co.*, 26 Utah, 147, 72 Pac. 499; *Western Union Tel. Co. v. Collins*, 45 Kan. 88, 25 Pac. 187, 10 L. R. A. 515.

After the sale was prevented, the cable remained the property of plaintiff, and in his possession, and suffered no deterioration in value, so far as the evidence discloses. On the subject of plaintiff's actual damage on account of the loss of sale Lenertz testified, in substance, that plaintiff made unsuccessful efforts to sell the cable

at Granite, and was unable to do so; that in his judgment the cable was worth per pound the amount for which he agreed to sell it to Austin, and when asked "What is it worth to Mr. Coyle now," answered, "I think it is worth as much to him as I was offered." To show the actual difference between the offer made by Austin and the actual market value of the cable after the loss of the sale, Gentry testified, in substance, that he was engaged in the hardware business, and handled rope; that he had never bought any of these cable ropes, but supposed they sold for the same; that he had never seen the cable in question, and did not know whether second-handed stuff of the kind described would have a market value or not; that he had never handled rope of that size. He then, without having seen the cable or having it described to him more particularly than by the testimony of Lenertz, which was, in substance, that it had been bought for a 2½-inch line 3 years before, had been used for 3 days, and would weigh 2,000 pounds, was permitted to testify, over objection, that in his opinion the market value of the rope was about 25 per cent. of its original value. For the reason that no foundation was laid to support the introduction of such evidence there was no competent evidence introduced as to the actual damage sustained by plaintiff, and for that reason the first assignment of error is good, and the finding of $131.25 actual damages unsustained by the evidence.

"Whenever it is desired to have the opinion of a witness on the subject of value, it is always necessary, whether the witness is offered as an expert or not, to lay some foundation for the introduction of his opinion, by showing that he has had the means to form an intelligent opinion, 'derived from an adequate knowledge of the nature, and kind of property in controversy, and of its value.' 'Where a witness is produced to testify, in the character of an expert, as to the value of property, it should appear that he has some special skill or experience or peculiar knowledge of the value of the class of property about which it is proposed to question him.' Rogers on Expert Testimony (2d Ed.) § 152, p. 356."

It is next contended that plaintiff, not being the sender of the message, cannot recover the statutory penalty. The statute reads:

"Every person whose message is refused or postponed contrary to the provisions of this chapter," etc. Passing all questions of pleading, and conceding the postponement of the message contrary to the provisions of the chapter referred to, the question for us to determine is, Whose message was this? Was it the message of Lenertz, whose name is signed thereto, and who appears upon its face to be its sender, or was it the message of plaintiff, his undisclosed principal, for whom he was attempting to make the sale? If that of the former, within the intent and meaning of the statute, plaintiff cannot maintain this suit to recover said penalty, and the judgment of the trial court is contrary to law. In *Kirby v. Western Union Tel. Co.*, 4 S. D. 463, 57 N. W. 202, speaking of said $50, the court said:

"For what can this sum be recovered? Clearly for a failure to perform the duty imposed by the statute. It is not to compensate the party, as that is provided for by the recovery of his actual damages. In our opinion, therefore, the sum of $50 specified in the statute must be regarded as a penalty imposed upon the carrier for failure to comply with the provisions of the statute. * * * The statute, being penal in its character, must be strictly construed. *Shaw v. Tobias,* 3 N. Y. 188; *Cole v. Smith,* 4 Johns. (N. Y.) 193; *Bigelow v. Johnson,* 13 Johns. (N. Y.) 428; *Austin v. Goodrich,* 49 N. Y. 266; *Ferrett v. Atwell,* 1 Blatchf. 151, Fed. Cas. No. 4,747; *Brown v. Harmon,* 21 Barb. (N. Y.) 508; Suth. St. Const. c. 12."

Speaking of a similar statute (section 4176, Rev. St. 1881), providing for the recovery of a penalty of $100 "by the person whose dispatch is neglected or postponed," the court in *Western Union Tel. Co. v. Mossler,* 95 Ind. 29, said:

"A statute so highly penal must be construed strictly. The party claiming under it must bring himself clearly within the letter and spirit of the act. * * * A court cannot create a penalty by construction, but must avoid it by construction, unless it is brought within the letter and the necessary meaning of the act creating it."

Strictly construing this statute in our effort to determine this question, it would appear that by "person whose message" means

the sender of the message; that the sender is the person whose name is subscribed to the message, the patron for whom the company directly undertakes to send the message.

In *Hadley v. West. Union Tel. Co.*, 115 Ind. 191, 15 N. E. 845, the court in commenting upon said act of 1852 (section 4176. Rev. St. 1881), which provides that telegraph companies engaged in telegraphing for the public should during office hours receive dispatches and on payment or tender of the usual charge, "transmit the same with impartiality, and good faith, and in the order of time in which they are [were] received, under penalty, in case of failure to transmit, or if postponed out of such order, of one hundred dollars to be recovered by the person whose dispatch is [was] neglected or postponed," said:

"So far as we are at present advised, this court has uniformly ruled that it was only the sender of a telegraphic dispatch who could recover the fixed penalty prescribed by section 4176, *supra,* for a violation of its provisions, and, in argument, the correctness of these rulings is conceded. See *West. Union Tel. Co. v. Brown, supra*"—

and, in speaking of a subsequent kindred act, stated:

"The primary object of the first section of the act in question evidently was to protect the interests of the patrons of telegraph companies by preventing, so far as is reasonable, any discrimination between them. It is only those who give business to, and send dispatches over the wires of, a telegraph company that can rightly be called its patrons, within the meaning of the statute. In this view it is only those entitled to be considered as the patrons of such a company who are authorized to enforce the statutory penalty when it has been incurred."

*Western Union Tel. Co. v. Brown,* 108 Ind. 538, 8 N. E. 171, was a suit to recover the statutory penalty in section 4176, *supra.* The special finding of facts were to the effect that on December 2, 1883, the plaintiff, Alonzo F. Brown, delivered to the agent of defendant at its office in Terre Haute for transmission to Crawfordsville the following message:

"December 2, 1883. To T. D. Brown, Crawfordsville: Please tell Dr. Brown of Alamo immediately that Duck is dead,—died

at ten this morning. Be home 3d, on morning train. Have Frank Snyder at the Logansport depot with hearse and one cab for ·Alamo. L. F. Brown."

There was no finding that said Alonzo F. Brown was the sender of the dispatch. The court reversed the judgment of the trial court in his favor, and in passing said:

"It is found that he delivered the dispatch to the company and paid for the transmission, but that is not a finding that the dispatch was from him to T. D. Brown. He may have delivered the dispatch to the company, and paid for its transmission with his own money, and yet not be the sender of it in the sense of the statute. *West. Union Tel. Co. v. Kinney,* 106 Ind. 468, 7 N. E. 191. The dispatch set out as a part of the special finding is signed 'L. F. Brown,' and there is no finding that the signature is that of appellee, Alonzo F. Brown."

In *Kester v. Western Union Tel. Co.,* 8 Ohio Cir. Ct. R. 236, suit was brought to recover the statutory penalty pursuant to sections 3462 and 3463 of the Revised Statutes of Ohio. The former section provided that it might be recovered "in the name and for the benefit of the person. * * * sending or forwarding, or desiring to send or forward, the dispatch." The facts were that the Pennsylvania Company owned and operated a line of telegraph from Bloomville, Ohio, to Mansfield, Ohio. That the Western Union Telegraph Company owned and operated a line from Mansfield, Ohio, to Holgate, Ohio. That on January 4, 1892, "J. F. Kester, who was the son of the plaintiff, for and on her behalf and as her agent," presented to the former company, at its office in Bloomville, for transmission to Holgate, Ohio, the following message: "Jan. 4, 1892. H. J. Kester, Holgate, Ohio. Father dead. Send word to Brinkman. Funeral Wednesday. 11 a. m. J. F. Kester." That he paid all charges thereon. That the former company delivered said message at Mansfield to the defendant company which said company duly received for transmission to Holgate, but did not transmit on account of the carelessness of said defendant. On appeal from a judgment sustaining a demurrer to

the petition, reciting the facts substantially as stated, said court sustained the ruling of the lower court, and in passing said:

"The Pennsylvania Company received and accepted the dispatch from the sender, J. F. Kester, whose name is attached to the dispatch. * * * The plaintiff, Seville Kester, is not the sender of the dispatch, for her name is not attached thereto"— and affirmed the judgment.

The cause is reversed and remanded for a new trial.

Dunn, Hayes and Williams, JJ., concur; Kane, C. J., dissents.