NATIONAL CITY BANK OF EVANSVILLE ETC. ET AL. *v.*
BLEDSOE ET AL.

[No. 18,652. Filed May 11, 1955. Dissenting Opinion
May 13, 1955.]

*James D. Lopp, John D. Clouse,* of Evansville, for appellants.

*Lorin H. Kiely,* of Evansville, for appellees.

ROYSE, P. J.—Appellants' decedent and appellees' decedent were husband and wife for about three years prior to June 11, 1954. During their marriage they acquired as tenants by the entireties certain real estate in the City of Evansville, Indiana. Appellants brought this action in the Vanderburgh Probate Court to sell said real estate for the purpose of paying expenses of administration, to make distribution to the legatees of their decedent, and to determine the conflicting and controverted questions of title thereto. Appellees' demurrer to the complaint was sustained. Appellants refused to plead further and judgment was rendered against them. The error assigned here is that the trial court erred in sustaining said demurrer.

The portion of the complaint necessary to a determination of the question presented here is as follows:

"That on the 11th day of June, 1954, the said Bynus W. Bledsoe shot, killed and murdered the decedent, Thelma Able Bledsoe. That the said Bynus Bledsoe within an hour after said shooting of said decedent shot and took his own life on said 11th day of June, 1954."

The demurrer asserted:

"1. That the complaint does not state facts sufficient to constitute a cause of action in the personal representative against the said defendants herein.

"2. That the Vanderburgh Probate Court and the Judge thereof do not have jurisdiction of the subject matter alleged in said petition."

The memorandum in support of said demurrer is as follows:

"The petition does not state facts sufficient to constitute a cause of action in the National City Bank of Evansville, Indiana, as personal representative in the estate of Thelma Able Bledsoe for the following reasons, to-wit:

"Said petition shows that at the time of the death of the said Thelma Able Bledsoe, her husband, Bynus W. Bledsoe, and she were the owners of said real estate by entireties. Therefore, under the law of the State of Indiana, the said Bynus Bledsoe who survived her became the sole and exclusive owner of the said real estate of said Thelma Able Bledsoe and her heirs have no interest in said real estate."

We cannot agree with appellees' construction of the complaint herein. The complaint nowhere alleges that the wife died instantly after being shot. The averment "that within an hour after said shooting" the husband "shot and took his own life" cannot be construed to mean that at the time the husband shot himself the wife was dead. It is a matter of common knowledge that persons who have been fatally shot sometimes linger for several days before death. In our opinion, under the complaint herein appellants could have properly introduced evidence to prove their decedent survived her husband, or that both died simultaneously, or that he survived her.

While the briefs of the parties herein are based on the theory the wife died first, and in the oral argument that was conceded, that cannot affect our decision on the question before us. We are restricted to a consideration of the averments contained in the complaint and the memorandum in support of the demurrer. Even by agreement of the parties we may not permit the amendment of the complaint in this court.

In our opinion the complaint herein stated a cause

of action in appellants, and the Probate Court had jurisdiction of the subject-matter of such action. Therefore, the trial court erred in sustaining the demurrer.

Judgment reversed, with instructions to overrule the demurrer.

## DISSENTING OPINION

CRUMPACKER, J., dissents.—By this appeal the parties sought to have this court determine the disposition of property held by a husband and wife as tenants by entireties where the husband kills the wife, and having survived her, kills himself. The appellants are the personal representatives and heirs at law of the wife and were the plaintiffs below. The appellees are the personal representatives and heirs at law of the husband and were the defendants below. The question was raised by a demurrer to the complaint based on the contention that said complaint shows on its face that the property involved was entireties property and that the husband survived the wife and therefore her heirs took nothing. The appellants contended, in general, that to hold with the demurrer would sanction the proposition that a man, and those who claim through him, can legally profit by his own wrong. That the recognition of such a proposition would be contrary to public policy which, under the circumstances, demands the forfeiture of the husband's rights, as the surviving spouse, in entireties property. The court below adopted the appellees' views and sustained the demurrer and, upon the appellants' refusal to plead over, entered judgment against them.

This court refused to consider this question although the court below and all· parties concerned understood and considered it to be raised by the issues but, *sua sponte,* concluded that the complaint is good because it fails to show that the husband survived his wife and that under its allegations the appellants would have

been permitted to prove that the wife survived the husband or that they died simultaneously or under circumstances from which simultaneous death is presumed.

The particular allegation of the complaint which prompted this conclusion reads as follows:

"That on the 11th day of June, 1954, the said Bynus W. Bledsoe shot, killed and murdered the decedent, Thelma Able Bledsoe. That the said Bynus W. Bledsoe within an hour after said shooting of said decedent shot and took his own life on said 11th day of June, 1954."

In construing a pleading, the meaning and intention of the pleader are of paramount importance and the effect of a pleading is not necessarily determined by the technical meaning of a single word. Sec. 41 Am. Jur., Pleading, §§69 and 70. If a complaint states the facts constituting the cause of action in such a manner as to enable a person of common understanding to know what is intended, the matter is sufficiently stated although awkward and illogical in form. *Terre Haute Electric Co.* v. *Roberts* (1910), 174 Ind. 351, 91 N. E. 941; *Western Union Telegraph Company* v. *Kinney* (1886), 106 Ind. 468, 7 N. E. 191.

It seems perfectly clear to me that, by the excerpt from the complaint above quoted, the pleader intended to charge that the husband survived the wife. The court below so construed it as did all parties concerned but this court, *sua sponte,* seized upon the single word "shooting" and because it is not technically synonymous with "killing," although apparently so used, concludes otherwise. The construction of the complaint adopted by the parties and the court below, in the spirit of code pleading, was amply justified and in my opinion we should have decided the question the party sought to present on the present record.

NOTE.—Reported in 126 N. E. 2d 490.