GEORGE F. DOWNIE, PLAINTIFF IN ERROR, V. SCOTT M. LADD, DEFENDANT IN ERROR.

1. **Negotiable Instruments:** ACTION ON NOTE: SATISFACTION BY CONVEYANCE OF PROPERTY. Where in an action on a promissory note the defendant set up in his answer a contract entered into between the parties for the conveyance of certain property in full satisfaction of the debt, and alleged a perform-

ance in compliance with the contract, and there was testimony tending to sustain the answer, *Held*, That in case of defect of title of, or incumbrance on, part of the property so conveyed, the measure of damages was not the amount of the note less the value of the property conveyed, but the amount of the incumbrances, or value of the property to which the title had failed.

2.  **Trial:** ISSUES. Where parties have made up the issues in a case without objection to the particular form of the action, they will be held to have waived any errors in that regard.

ERROR to the district court for York county. Tried below before NORVAL, J.

*France & Harlan,* for plaintiff in error.

Contract was compromise and settlement. *Baldwin v. Davis,* 63 Iowa, 231. Courts will not disturb it. *Prichard v. Sharp,* 51 Mich., 432. Action should have been on contract, not note. *Billings v. Vanderbeck,* 23 Barb., 546.

*Sedgwick & Powers,* for defendant in error, cited: 2 Parson Contracts, *681. *Goodrich v. Stanley,* 24 Conn., 613.

MAXWELL, CH. J.

This action was brought in the district court of York county upon the following promissory note:

" On or before one year from date, for value received, I promise to pay John Ladd, or bearer, ($484.83) four hundred and eighty-four and $\frac{83}{100}$ dollars, with use at eight per cent per annum until paid.

" Dated Sharon, Walworth Co., Wisconsin state, June 18th, 1880.

"(Signed.)                    GEORGE F. DOWNIE."

The defendant below in his answer admits the making and delivery of the note, but alleges that after the execution of the same he entered into the following contract with the plaintiff:

"YORK, NEB., June 12th, 1882.

"Whereas, John Ladd and Scott M. Ladd hold a certain contract and note against George F. Downie, on which contract there is due $1,000 and interest, and on which note there is due $484.83 and interest; and whereas, said Downie has this day turned out and sold to said J. and S. M. Ladd, upon said indebtedness, all his property in New York, Nebraska, and other property. Now if the said Ladd gets full title unincumbered in and to the following property, to-wit, lot 15 and north half of lot 14, in block 32, in the village of New York, in said York county, Nebraska, and the two buildings north of B. F. Marshall's blacksmith shop, 1 iron lathe, 1 blower, counter shaft, scales, sledge, three riddles, flasks, sand cupola, wagon drill, note of Kilner & Olcott on which there is due $250 and interest, the said John Ladd paying $130 to redeem said note, one bake oven, and emery stand used as counter shaft, then the said note of said Downie and said contract are to be canceled and the said property taken in full liquidation of said indebtedness.

"J. AND S. M. LADD,

"*By Sedgwick & Powers, Attorneys.*

"GEORGE F. DOWNIE."

Downie claims to have fully performed said contract on his part.

The plaintiff in his reply "admits the making of the agreement set forth in the defendant's answer, but denies that said defendant performed all the conditions of said contract and agreement on his part to be performed; and denies that the said Ladd, nor John Ladd, got full title unincumbered in and to the property conveyed to him and described in said agreement; and plaintiff denies that he or John Ladd has ever got full title unincumbered to lot 15 and north half of lot 14, in block 32, in village of New York, Nebraska; and except as hereinbefore expressly admitted this plaintiff denies each and every allegation of new matter in said answer contained."

On the trial of the cause the court found for the plaintiff below, and rendered judgment for the sum of six hundred seventy-five and $\frac{43}{100}$ dollars.

The testimony shows that Ladd obtained all the property set forth in said contract except a part of lots 14 and 15, and that the value of such interest was about $150. It will be observed that the contract provides that the property therein described, if unincumbered, was to be accepted in full satisfaction of the debt. The plaintiff below is shown to have retained all the property obtained under the contract, and can only recover for such damages as he may have sustained by reason of defects of title or incumbrances on the property. The court below seemed to have computed the amount due on the contract set forth in the answer, and also the amount due on the promissory note set forth in the petition, and deducted therefrom the sum of $1,200 as the value of the interest of Downie in the property conveyed to Ladd, and rendered judgment against Downie for the balance. In this we think the court erred.

The plaintiff in error contends that the action should have been brought on the contract and not on the note. This objection, however, is unavailing, as the plaintiff in error practically assented to this mode of procedure in the court below by failing to object in making up the issue, and cannot be heard now to complain on that ground. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.