ARTHUR PERRY ET AL. V. GERMAN-AMERICAN BANK.

53    59
57    439

FILED DECEMBER 21, 1897.   No. 7431.

1. **Conversion: EVIDENCE.** Evidence examined and *held* to sustain the finding adverse to the contention of plaintiffs in error.

2. **Trial: LEADING QUESTIONS.** It is within the discretion of the district court in a proper case to allow leading questions, and the exercise of such discretion, in the absence of an apparent abuse thereof, is not the subject of review on appeal. (*St. Paul Fire & Marine Ins. Co. v. Gotthelf*, 35 Neb. 351.)

3. **Evidence: TELEGRAM: PRESUMPTION OF DELIVERY.** A similar presumption of delivery results from the entrusting to a telegraph company for transmission of a message properly addressed to that which follows from the posting of a letter for transmission by the United States mail.

4. ——: ——: ——. Such presumption results from the office of a telegraph company to the public, which, in this state, is that of a carrier of intelligence with rights and duties analogous to those of carriers of goods and passengers. (*Western Union Telegraph Co. v. Call Publishing Co.*, 44 Neb. 326.)

ERROR from the district court of Douglas county. Tried below before BLAIR, J.   *Affirmed.*

*I. R. Andrews*, for plaintiffs in error.

*J. J. McCarthy, contra.*

POST, C. J.

The defendant in error, hereafter called the bank, on May 28, 1893, at the village of Emerson, advanced to one Johnson the sum of $1,200, wherewith to purchase certain cattle.   On the same day the cattle above mentioned were by Johnson shipped to South Omaha, consigned to the plaintiffs in error, who were engaged in business as commission men and live stock brokers, and at the same time, as security for the money so advanced, Johnson drew against the proceeds of the said cattle a sight draft, of which the following is a copy:

"GERMAN-AMERICAN BANK,
"$1,200.00.          EMERSON, NEB., May 29, 1893.
    "At sight pay to the order of German-American Bank
twelve hundred and no 100 dollars, and charge to the
account of                                   G. G. JOHNSON.
    "To Perry Bros. & Co., South Omaha, Neb."

On the upper margin of said draft was written the fol-
lowing words: "21 head cattle shipped May 28, 1893,
from Emerson, Neb." It should in this connection be
noted that May 28, the day of the foregoing transactions,
was Sunday; hence the draft was made to bear date of
the 29th. On the 28th the bank, for its further protec-
tion, forwarded to plaintiff in error the following tele-
graphic message:

"EMERSON, NEB., May 28, 1893.
    *"To Perry Bros. & Co.:* We have draft on you from G.
G. Johnson, twelve hundred dollars, for 21 head cattle
shipped to-day.          GERMAN-AMERICAN BANK."

The foregoing message was received at South Omaha
at 3:50 P. M. on Sunday, the 28th, and delivered to plain-
tiffs in error on the day of its receipt or the following day.
Johnson accompanied the cattle in question from Em-
erson to South Omaha, where he arrived Sunday night,
and the next morning about 7 o'clock notified plaintiffs
in error of the arrival of the cattle. He also at the same
time, as appears from his testimony, personally notified
plaintiffs in error that "there was a draft of $1,200 on
the cattle," which he directed the latter to pay and place
the balance of the proceeds of said consignment to his
credit. Plaintiffs in error, in the course of their busi-
ness, sold said cattle, and received the proceeds therefor
about 3 o'clock P. M. on Monday, the 29th, but credited
the entire amount thereof to Johnson upon an open ac-
count for advancements previously made, and refused
payment of the draft of the bank when presented in
due time. The bank, in an action for the refusal of
plaintiffs in error to accept its said draft, and for the

conversion of its aforesaid security, recovered judgment in the district court for Douglas county, and which is presented for review by means of this proceeding.

It is first argued that the record fails to disclose a pledge of the cattle in controversy to the bank as security for the money advanced. That contention is without merit. Both Johnson and Moseman, the cashier, testified, in substance, that the bank was to have a lien upon the cattle and the proceeds thereof for the money advanced by it.

It is next complained that the court erred in permitting the bank, over the objection of plaintiffs in error, to ask the witnesses Johnson and Mead certain leading questions. The allowing of leading questions is, as a general rule, within the discretion of the trial court, and its judgment in that regard is not, in the absence of an abuse of discretion, the subject of review on appeal or proceedings in error. (*St. Paul Fire & Marine Ins. Co. v. Gotthelf*, 35 Neb. 351.)

Lastly, it is contended that the district court erred in giving instruction No. 6, relating to the presumption arising from the transmission of the telegram above mentioned. It was by the paragraph complained of in substance charged that the plaintiffs in error having themselves produced the message, which was shown to have been received at South Omaha on the afternoon of the 28th, it is presumed to have been delivered in season, that is, previous to the sale of the cattle on the afternoon of the 29th, and that the burden is upon the plaintiffs in error of proving the contrary. There is certainly no error in the instruction of which plaintiffs in error can complain. There is, indeed, a decided preponderance of authority in favor of the proposition that a similar presumption of delivery results from the entrusting to a telegraph company for transmission of a message properly addressed as that which follows from the posting of a letter duly addressed and stamped for transmission by means of the United States mail. (*Oregon*

*Steamship Co. v. Otis,* 100 N. Y. 446; *Commonwealth v. Jeffries,* 7 Allen [Mass.] 548; Wharton, Evidence sec. 76; Gray, Communication by Telegraph sec. 136.) Such presumption results naturally, if not necessarily, from the relation of telegraph companies to the public, which, in this state at least, is held to be that of public carriers of intelligence with rights and duties analogous to those of carriers of goods and passengers. (*Western Union Telegraph Co. v. Call Publishing Co.,* 44 Neb. 326.) Plaintiffs in error, in appropriating the price of the cattle sold, claimed to act under and by virtue of a previous understanding with Johnson whereby the proceeds of all stock consigned to them by the latter should be applied in satisfaction of the balance owing by him. But conceding the existence of an agreement such as alleged, the plaintiffs in error have, without objection, been permitted to retain the proceeds of the cattle over and above the claim of the bank. In other words, they have enforced their claim to the extent of Johnson's interest in the property, which, in view of the facts in evidence, is all they are entitled to demand. What would have been their rights in the premises had the sale and appropriation of the proceeds of the cattle been consummated by them in ignorance of the claim of the bank, we are not called upon to consider, since there is in this record abundant evidence to support the finding against them upon that issue. The judgment is clearly right and must be

AFFIRMED.