TEXAS & P RY. CO. v. REAGAN et al.

(Circuit Court of Appeals, Fifth Circuit. December 2, 1902.)

No. 1,178.

1. DEPOSITIONS DE BENE ESSE—USE AT TRIAL—ABSENCE OF WITNESSES—PROOF.
    Rev. St. § 865 [U. S. Comp. St 1901, p. 663], providing that unless it appears that a witness is dead or gone out of the United States or to a greater distance than 100 miles from where the court is sitting, his deposition shall not be used in the cause, does not prevent the use of the deposition of a witness in a federal court sitting in Texas, which was taken at the witness' place of residence in Minnesota, without proof that the witness was not within 100 miles of the court, since it would be presumed that he continued to reside where he was at the time the deposition was taken.

2. MASTER AND SERVANT—INJURIES TO SERVANT—RAILROAD FIREMAN—CONTRIBUTORY NEGLIGENCE.
    Where, in an action for the death of a railroad fireman occurring in a collision, defendant charged that plaintiff's deceased was guilty of contributory negligence in failing to give the engineer on his engine a proper signal, and that such failure caused the collision, deceased was thereby charged with affirmative negligence, and the burden of proof thereof was on the defendant.

─────────────────

¶ 1. See Depositions, vol. 16, Cent. Dig. §§ 247, 250.

In Error to the Circuit Court of the United States for the Northern District of Texas.

Mrs. M. M. Reagan brought this suit, for herself as widow and her minor children, for damage caused by the killing of her husband, Martin Reagan, a fireman in the employ of the Texas & Pacific Railway Company, who was killed in a wreck on said railway alleged to have been caused by the negligence of one Price, an engineer handling the engine on which Reagan was firing. Two freight trains had orders to meet and pass at Hetz. The westbound train had arrived at Hetz, and was going in on the side track. The east-bound train came in without being under control, and ran into the rear cars of the west-bound train before it was off the main track. In this collision Reagan, who was fireman on the east-bound train, was killed.

The defendant, by amended answer, pleaded the contributory negligence of Reagan, as follows: "That the deceased, husband of the plaintiff, was guilty of contributory negligence which proximately contributed to the death, and without which it would not have occurred, in this: The train which was meeting the train on which he was firing and the one run into was on his side of the engine, and it was his duty to receive signals from such train or its crew, and give them to the engineer. He gave the engineer on his engine a signal to go on after the two engines had passed each other. Acting and relying on this signal as being correct and proper, the engineer, Price, went on, and the two trains ran together or collided."

On the trial the plaintiffs offered in evidence to support their case the deposition of M. J. Daily, which had been taken at Ft. Worth, Tex., in December, 1901, de bene esse. The witness was going beyond the jurisdiction of the court. To the reading of this deposition by the plaintiffs in evidence the defendant objected for the reason that it was taken de bene esse, and some time before the trial, and the plaintiffs had not and did not show to the court that the said witness M. J. Daily was not, at the time his deposition was offered in evidence, within 100 miles of the court where the trial was being had, and no reason was shown why he could not be produced in court to testify orally; which objection the court overruled, and the deposition was by the plaintiffs read in evidence; to all of which the defendant excepted, and tendered a bill of exceptions, which was signed and made a part of the record. The plaintiffs' attorney stated that he did not know where the witness Daily was then, and J. W. Ward, superintendent of the Rio Grande Division of the Texas & Pacific Railway, stated: "I do not know whether I can place M. J. Daily or not. At the time of this accident he lived at Big Springs. I don't know when he went from there to Two Harbors, Minn." The court remarked: "If it be shown that at the time the deposition was taken he lived in Minnesota I will overrule the objection. The court rules that it is not necessary to show affirmatively that the witness does not live within 100 miles of the court." The deposition showed that the deponent resided at Two Harbors, Minn., and that at the time of taking he was temporarily in Ft. Worth, Tex., on his road to Needles, Cal.; further, that by occupation he was a locomotive fireman who had not in the past confined his work to any one railroad, but had traveled about; also, on the trial, there was evidence offered by the railway company tending to prove the defense of contributory negligence. The bill of exceptions does not show that the plaintiff offered any evidence directly tending to show that at the time of the accident the deceased, Reagan, was exercising due care.

In his charge to the jury the court, among other things, charged as follows: "The burden of proving the deceased was guilty of contributory negligence rests upon the defendant, and unless the defendant has shown by a preponderance or greater weight of evidence that the deceased was guilty of negligence which contributed to the injury resulting in his death then the defendant would fail on its plea of contributory negligence,"—to which charge the defendant excepted in open court before the jury left the box. From an adverse judgment the defendant below sues out this writ of error.

T. J. Freeman and B. G. Bidwell, for plaintiff in error.
S. H. Cowan, for defendants in error.

Before PARDEE and SHELBY, Circuit Judges, and BOAR-
MAN, District Judge.

PARDEE, Circuit Judge (after stating the facts as above). The
first assignment of error is based on the admission in evidence of
Daily's deposition taken de bene esse. The objection was that at the
time of offering the plaintiff did not show that the witness was not
within 100 miles of the place where the court was held, or, if within the
100 miles, was unable to attend. The statute authorizing the taking of
depositions de bene esse provides as follows:

"But unless it appears to the satisfaction of the court that the witness is
then dead, or gone out of the United States, or to a greater distance than one
hundred miles from the place where the court is sitting, or that, by reason
of age, sickness, bodily infirmity, or imprisonment, he is unable to travel and
appear at court, such deposition shall not be used in the cause. Rev. St.
§ 865 [U. S. Comp. St. 1901, p. 663]."

As far back as Insurance Co. v. Southgate, 5 Pet. 604, 8 L. Ed.
243, it was held that where the witness resided over 100 miles from
the court at the time of taking the deposition the inhibition of the
statute did not apply, the witness being considered beyond a com-
pulsory attendance.

In Whitford v. Clark Co., 119 U. S. 522, 7 Sup. Ct. 306, 30 L. Ed.
500, the supreme court cite Insurance Co. v. Southgate, supra, with
approval, and lay down the rule as follows:

"It thus appears to have been established at a very early date that deposi-
tions taken de bene esse could not be used in any case at the trial if the
presence of the witness himself was actually attainable, and the party offer-
ing the deposition knew it or ought to have known it. If the witness lives
more than one hundred miles from the place of trial, no subpoena need be
issued to secure his compulsory attendance. So, too, if he lived more than
one hundred miles away when his deposition was taken it will be presumed
that he continued to live there at the time of the trial, and no further proof
on that subject need be furnished by the party offering the deposition, unless
this presumption shall be overcome by proof from the other side."

When Daily's deposition was taken he lived at Two Harbors,
Minn., more than 100 miles from the court. There was no presump-
tion nor proof that he had since come within 100 miles of the court.

The second assignment of error complains of the charge of the trial
judge to the effect that the burden of proving that the deceased was
guilty of contributory negligence was upon the defendant.

If there is error in this charge, then it seems clear that the defend-
ant below should have asked for an instructed verdict, because the
issue of contributory negligence was in the case, and there was no evi-
dence in the case to show that the deceased was not guilty of con-
tributory negligence or even in the exercise of due care.

Counsel for the plaintiff in error conceded the general rule in the
United States courts that the burden of proof in cases involving con-
tributory negligence to be as given by the judge in this case, but he
claims that there are exceptions to the rule just as well established.
He cites Railroad Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41
L. Ed. 1136, which furnishes no exception to the rule, but correctly
holds that the burden of proving direct negligence on the part of the

railroad company's employés was upon the plaintiff. He also cites Corcoran v. Railroad Co., 133 Mass. 507; Riley v. Railroad Co., 135 Mass. 292; Railway Co. v. Crowder, 63 Tex. 502; Id., 76 Tex. 499, 13 S. W. 381; McCray v. Railway Co., 89 Tex. 168, 34 S. W. 95; Railway Co. v. Murphy, 46 Tex. 356, 26 Am. Rep. 272; and Railway Co. v. Hester, 72 Tex. 40, 11 S. W. 1041.

An examination of these cases will show that, in the particular case then in hand, it was held that an employé seeking to recover damages against the railway company was required to prove that at the time of the injury he was in the exercise of due care; and in relation to this it may be noticed that in Riley v. Railroad Co., supra, it was held that the plaintiff could be excused from proving that the deceased was in the exercise of due care where death was instantaneous. The rule declared in Railway Co. v. Murphy, supra, is:

"It is often stated that the plaintiff must show that the injury was caused by the negligence of the defendant, without any fault or negligence on his part. It would be more correct, it is thought, to say that the plaintiff must show that the injury of which he complains was produced by the negligent acts of the defendant, under such circumstances as did not develop any negligence on his part, contributing to his injury. In the absence of proof, his negligence would not be presumed."

However the rule may be with regard to proving due care, we are of opinion that in this case the specific contributory negligence which was charged to have proximately contributed to the death of the deceased, and without which it would not have occurred, was active negligence, to wit, in giving a wrong signal. This issue was presented by the defendant, and it was not to be expected, nor perhaps possible in the nature of things, that the plaintiff could prove a negative for the deceased whose death was instantaneous. We think there can be no doubt that, under the circumstances and pleadings in this case, the charge complained of was in all respects correct.

The judgment of the circuit court is affirmed.