## SPLAIN, U. S. Marshal, v. B. F. GOODRICH RUBBER CO.

(Court of Appeals of District of Columbia. Submitted February 15, 1923. Decided June 4, 1923.)

No. 3876.

1. **Appeal and error ⟨Key⟩997(3)—Trial ⟨Key⟩177—Motion of both parties for directed verdict submits issues of fact to court.**

Where both parties request peremptory instructions and do nothing more, they thereby, in effect, submit any question of fact that may be in the case to the court, and his determination is not subject to review, if there be any evidence tending to support it.

2. **Trial ⟨Key⟩177—Party can request submission of issue to jury after disposition of motion for peremptory instruction.**

If a party, after his motion for peremptory instructions has been overruled, makes an appropriate request for submission of the case to the jury, where the evidence is conflicting, or an inference which would support his case may be drawn from it, it is the duty of the court to submit it.

3. **Fraudulent conveyances ⟨Key⟩132(1)—Failure to deliver property to buyer is not conclusive sale was fraudulent.**

The failure of the seller to deliver possession of the property to the buyer does not make the sale void, but is a fact to be considered by the jury in determining whether or not the sale was fraudulent.

4. **Sales ⟨Key⟩218—Agreement to return property to seller transfers title without delivery of possession.**

An agreement by the buyer to return personal property which he had bought, to the seller, for the purpose of having the price thereof credited on his account, is sufficient to transfer the title back to the seller without change of possession.

5. **Fraudulent conveyances ⟨Key⟩154(2)—Failure to record bill of sale does not invalidate as against marshal levying with notice.**

The failure to record a bill of sale covering property not delivered to the buyer, as required by Code, § 546, does not render the sale void as against the marshal, who levied attachment on the property as the property of the seller with actual notice of the sale, since that section does not invalidate the sale as to persons who had actual notice before their rights accrued.

6. **Fraudulent conveyances ⟨Key⟩299(9)—Evidence held to support finding marshal had notice of transfer of title.**

In an action of replevin against a marshal, evidence *held* to support a finding by the trial court that the marshal had actual notice before he levied attachment on the property that it had been transferred to the original seller in satisfaction of his claim for the purchase price, though possession had not been redelivered to him.

7. **Fraudulent conveyances ⟨Key⟩47—Retransfer of tires to seller held not conclusively void under Bulk Sales Act.**

Where a tire dealer agreed to return to a manufacturer the tires purchased from the latter, which did not constitute his entire stock in trade, the question whether what was transferred constituted substantially his entire business was a question of fact, and the transac-

---

⟨Key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion was not invalid under Bulk Sales Act, § 3, where that fact was found in the negative.

**8. Attachment ☜300—Objection claim should be made in attachment suit must be raised before trial of replevin action.**

The objection that a claim by a third person to property in the hands of a marshal under a writ of attachment should be made by petition in the attachment action, under Code, § 462, and not by a separate action of replevin, is waived, where it was not raised before the trial of the replevin action, but was made for the first time at the close of the plaintiff's case in that action.

Appeal from the Supreme Court of the District of Columbia.

Replevin by the B. F. Goodrich Rubber Company against Maurice Splain, United States Marshal for the District of Columbia. Judgment for plaintiff, and defendant appeals. Affirmed.

R. B. Fleharty, of Washington, D. C., for appellant.

H. Winship Wheatley, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. One Hartmann, a retail dealer in automobile tires in Washington, was indebted to Fisk Rubber Company and B. F. Goodrich Rubber Company for tires purchased from them. Finding himself unable to pay his bills when they became due, he, on the 10th day of September, 1920, made an agreement with the Goodrich Company to return the tires which he had purchased from it at a price to be later agreed upon, which price was to be credited upon his bill. Shortly afterwards, on the same day, the Fisk Company caused to be levied a writ of attachment upon all the property in the Hartmann store, including the Goodrich tires. A few days later Goodrich commenced this action in replevin against the marshal, who is appellant herein, to recover the tires. At the close of all the testimony both parties moved for directed verdicts. The court found for the plaintiff and entered judgment accordingly.

[1, 2] Where both parties request peremptory instructions and do nothing more, they thereby, in effect, submit any question of fact that may be in the case to the court, and his determination is not subject to review if there be any evidence tending to support it. Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654. See also Campbell v. Willis, —— App. D. C. ——, 290 Fed. 271. If, however, a party, after his motion for a peremptory instruction has been overruled, makes an appropriate request for submission of the case to the jury where the evidence is conflicting or an inference which would support his case may be drawn from it, it is the duty of the court to submit it. Empire State Cattle Co. v. Atchison, etc., Railway Co., 210 U. S. 1, 8, 28 Sup. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70. No request of that character was made here; consequently the rule of the Beuttell Case applies. We have, therefore, to inquire in the case before us whether the conclusion of the court in favor of the plaintiff is supported by substantial evidence.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[3] Appellant contends that Hartmann had not conveyed his title to Goodrich at the time the levy was made, and he invites our attention to Hamilton v. Russell, 1 Cranch, 309, 316, 2 L. Ed. 118, wherein it was ruled by the Chief Justice, basing his decision on Edwards v. Harben, 2 T. R. 587, and other English cases following it, that unless possession accompanies and follows the contract of sale it is fraudulent and void. But this decision was re-examined in Warner v. Norton et al., 20 How. 448, 460, 15 L. Ed. 950, and the conclusion reached that the English courts had departed from the holding in the Edwards Case, and that then the great weight of authority in this country favored the position that in such a case the failure to deliver possession did not make the sale void, but was a fact to be considered by the jury in determining whether or not the sale was fraudulent. Applying that principle here, it was for the trial court to say whether or not the failure on the part of Hartmann to deliver possession to Goodrich rendered the sale void, and it found that it did not.

Assuming this to be true, though not conceding it, appellant points out that section 546 of the Code, which provides that "no bill of sale * * * of any personal chattels whereof the vendor * * * shall remain in possession, shall be valid * * * to pass the title therein, except as between the parties to such instrument and as to other persons having actual notice of it, unless the same be executed, acknowledged," and filed within a certain time, rendered this sale void, because, concededly, there was no bill of sale, and hence none recorded within the time prescribed by the statute.

[4] Against this the appellee urges that the section does not apply, and cites our decision in Cumberland Hydraulic Cement & Manufacturing Co. v. Wheatley, 9 App. D. C. 334, to support his position. In that case the manufacturing company sold a number of barrels of cement to Wheatley. He, being unable to pay for them, told a representative of the company that he would turn the cement back to it at the price the company had charged him for it, and this was agreed to. No change of possession took place. It will be noticed that the facts in their import are quite like those in the present case. Later Wheatley refused to deliver the cement to the manufacturing company and action followed. We held that it was entirely competent for Wheatley to transfer the title in that way to the manufacturing company, and that he had done so. The interest of third parties was not involved, and no reference is made in the case to the statute of frauds. The case, however, is an authority for the proposition that an agreement by the vendee to return personal property which he had purchased to the vendor for the purpose of having the price of the same credited upon his account is sufficient to transfer the title back to the vendor without a change of possession.

[5] None the less the fact that the title was transferred to Goodrich Company does not dispose of the case. Appellant, as we have seen, argues that section 546 renders the sale void because no bill of sale was filed within the time limited in the section. This might be true if the marshal did not have notice of the transfer of the title before

he made the levy, for the sale is not void under the section as to persons who had "actual notice of it" before their rights accrued.

[6] Hartmann testified:

"When the marshal entered my place with Mr. Barker and Mr. Myers, he told me what they were there for. Mr. Barker asked me if I were in a position to pay my account. * * * I told him, 'No,' I wasn't in a position to pay the account in full that day. 'Well,' he said, 'we will have to take your stuff.' 'Well,' I said, 'it is not all mine.' I said I promised to return the Goodrich and the United States tires."

Assuming that the court believed this, and it clearly did, it was sufficient proof of notice to the marshal, under the ruling in the Wheatley Case, that the Hartmann title had been transferred to the Goodrich Company.

[7] We cannot yield to the contention that the Sales in Bulk Law (Code, as amended in 1919, p. 457) applies. The act prohibits the sale of "any stock of goods * * * in bulk," except under certain conditions, which were not complied with in this case. Section 3 declares that any sale of a stock of goods, or of what constitutes substantially his entire business, out of the usual or ordinary course of the business of the vendor, comes within the purview of the act. Hartmann's stock of goods was not transferred in this case, and whether what was transferred constituted substantially his entire business is a question of fact, which was submitted to the trier of fact and by him answered in the negative.

[8] Nor is it true that the appellant can avail himself of the claim that the goods could not be replevined from the marshal, since they were in custodia legis, and that plaintiff should have proceeded under section 462 of the Code, which says that any person who claims goods taken under a writ of attachment may file a petition in the attachment action to have his right to the goods determined, if he requests, by the verdict of a jury. This claim was not made until the close of the plaintiff's case, which was not timely. It should have been made before entering upon the trial. In Savings & Loan Co. v. Pendleton, 14 App. D. C. 384, 387, we said:

"The defendant could not be allowed to appear and plead to the merits, and defend against a recovery, and thus take the chance of obtaining a judgment in its favor which would operate as a discharge from the claim; but, at the same time, if judgment should go against it, that judgment should remain liable to be questioned for the want of jurisdiction in the court that rendered it. The law will not allow such an experiment to be made in its administration."

To the same effect are Fuller v. City of Jackson, 82 Mich. 480, 46 N. W. 721, Downie v. Ladd, 22 Neb. 531, 35 N. W. 388, and Welker v. Metcalf, 209 Pa. 373, 58 Atl. 687. In the Fuller Case, after the jury had been called, but before they were sworn, counsel objected that the action was grounded on a common-law right, whereas it should have been based on the statute. It was held that the attack came too late. In the Welker Case the defendant filed a plea of not guilty, then secured a rule upon the plaintiff to file a bill of particulars, which was done, and when the case was called for trial raised for the first time the point that the case should have been in assumpsit, and not in tres-

pass. The court held that the defendant should have made the point earlier in the proceeding and that "by his delay [he] must be held to have waived any defect or error in the form of action." We think this is sound law and in harmony with the act of Congress (40 Stat. 1181 [Comp. St. Ann. Supp. 1919, § 1246]), authorizing appellate courts to disregard technical errors which do not affect the substantial rights of the parties. The court had jurisdiction of the subject-matter and of the parties. Defendant had the same opportunity to defend his right in this action as if the plaintiff had proceeded under section 462 of the Code. Because he did not raise the point before entering on the trial he waived it.

There being no error in the record, the judgment is affirmed, with costs.

Affirmed.