1020

## MUTUAL BEN. LIFE INS. CO. OF NEW-ARK, N. J., v. FLYNN.
### No. 5056.

Court of Appeals of District of Columbia.
Argued March 6, 1931.
Decided April 6, 1931.

Petition for Rehearing Denied April 25, 1931.

Frederic D. McKenney, John S. Flannery, and G. Bowdoin Craighill, all of Washington, D. C., for appellant.

L. Robinson Maddox and Marie A. Flynn, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

PER CURIAM.

The record in this appeal shows that July 11, 1928, one Marland Wesly Townsend, on his voluntary petition, was duly adjudicated a bankrupt. Thereafter, on the following May 2, after a hearing in court, an order was entered by the judge having jurisdiction of the proceedings directing the bankrupt to deliver to his trustee a certain policy of life insurance theretofore claimed by the wife of the bankrupt, and taxing in favor of the creditor, at whose instance the order was passed, and against the bankrupt, an attorney's fee of $50. On the same day, on objection by the same creditor, the bankrupt's petition for discharge was denied, and an additional amount of $50 as counsel fee allowed the objecting creditor as costs.

On June 5 following, on the surrender thereof, appellant (insurance company) paid to the trustee the full cash value of the policy, but a few days later was served with notice on a writ of attachment issued against the goods, chattels, and credits of the bankrupt at the suit of the objecting creditor (appellee) requiring appellant to appear on a day certain and answer under oath what property, if any, of the bankrupt it had in its possession, the object of this proceeding being to recover from appellant assets of the bankrupt alleged to be in its possession out of which appellee expected to realize on its judgment for costs. On the return day of the writ, appellant not having answered or appeared, judgment was entered against it, but, on its subsequent motion, for good cause, it was set aside, and leave given it to file its answer within two days. This appellant did, but, on the ground that the answer was not in the manner and form required by law, the Supreme Court of the District rejected it, and entered judgment against appellant for $116, or "such an amount as will satisfy plaintiff's (appellee's) claim."

It is from this judgment that this appeal is taken.

We do not stop to inquire as to the regularity of the order of the lower court in awarding counsel fees, as costs, to an objecting creditor in a bankruptcy case in which obviously the trustee rather than the creditor was the proper party in whose name the proceedings should have been prosecuted, nor are we willing that our silence in this regard should be taken as approving this practice, but, since the orders in the respects mentioned are not objected to, we pass to the consideration of the only question in-

volved, and this we think may be disposed of in a few words.

█ The answer of appellant executed in its corporate name was subscribed and sworn to in its behalf "By Jay Ten Eyck, Associate Counsel," and this, it was successfully claimed, did not comply with Code, § 447 (31 Stats. 1259, c. 854 [D. C. Code 1929, T. 24, § 123]) providing that "the garnishee shall file his answers under oath." The lower court presumably was of opinion that the answer was not under oath, because, being in the name of the corporation, which could not as such make an oath, it would not bind the officer purporting to act for it, or make him amenable to a prosecution for false swearing, because it purported to be the oath of the corporation rather than his own, and perhaps also because the official title of the affiant officer did not show upon its face that he was such an officer as ordinarily would be authorized to answer for the corporation.

In our view, the lower court was without power to enter judgment by default against the garnishee unless it failed to appear and show cause, or to answer. Code, §§ 467 and 1098; 31 Stats. 1263, 1361, c. 854 (D. C. Code 1929, T. 24, §§ 143, 295). That it did appear there can be, we think, no question; neither can it be successfully urged, we think, that it failed to answer under oath. The most that can be said is that the title of the officer acting in its behalf, unlike that of president or secretary or treasurer, failed to show prima facie that the affiant virtute officii had power to bind the corporation, but on the other hand, as we said in International Seal Co. v. Beyer, 33 App. D. C. 172, "it neither appears that he was not acting within the scope of his authority, nor that any effort was made by the plaintiff to require the garnishee to appear in court and be examined orally under oath."

█ In these circumstances, we think the lower court erred in summarily rejecting the answer and rendering judgment, and this we think is especially true, in view of the fact that at the final hearing appellant tendered, and a few days later, with leave of court, filed, affidavits of its president showing, not only that the officer signing the corporation's answer was so authorized by the by-laws of the corporation, but, by the same token, that he was directly charged with that duty and responsibility.

For these reasons, the judgment of the lower court is reversed, with costs, and the cause remanded to the Supreme Court of the District, with instructions to allow the answer to be filed, and for such further proceedings as may be proper in the circumstances.

Reversed.