FORT STEVENS PHARMACY, Inc., of Maryland, a corporation, Appellant,

v.

HOLLYWOOD CREDIT CLOTHING CO., Inc., a corporation, Appellee.

No. 1846.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 27, 1956.

Decided Nov. 2, 1956.

Wigmore on Evidence, Vol. 3, § 1044 (3d ed. 1940).

7. Defendant conducted his own defense.

Samuel B. Block, Washington, D. C., for appellant.

Alvin L. Newmyer, Jr., Washington, D. C., with whom Jack Politz, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

This appeal is from the denial of a motion to vacate a default judgment against a garnishee and quash the writ of attachment issued thereon.

Appellee, hereafter called Hollywood, having secured a judgment against one Dudley, caused to be issued a writ of attachment and garnishment against appellant, hereafter called Fort Stevens. In answer to the garnishment Fort Stevens stated that Dudley was employed by it at a weekly salary of $45, but that Dudley was indebted to it in the sum of $80 and therefore nothing was due Dudley. Approximately a week later Hollywood issued another garnishment against Fort Stevens. Thereafter Hollywood moved for judgment against Fort Stevens, alleging that Fort Stevens had failed to answer the garnishment.[1]   Fort

---

1. Code 1951, § 15–312, provides that "if the garnishee shall have failed to answer * * * judgment shall be entered against him for the whole amount of the plaintiff's judgment * * *."

Stevens was notified of the hearing date for this motion, but it made no appearance and judgment was awarded against it for failure to answer the garnishment. Nearly seven months thereafter Hollywood issued an attachment on this judgment and seized credits of Fort Stevens in a local bank. Fort Stevens then moved to vacate the judgment against it and quash the writ of attachment. In denying this motion the trial court stated that accepting as true all the facts alleged by Fort Stevens it had no power to grant relief under Rule 60(b) of the trial court. This appeal questions the correctness of that ruling.

As grounds for vacating, Fort Stevens alleged, supporting its allegations by affidavits, (1) that it prepared an answer to the second garnishment and mailed it to the court, (2) that when it received notice of the motion a letter was mailed to Hollywood's attorney advising him that Dudley was no longer employed by it, and (3) that because Dudley was no longer employed by it, and it owed him no money, and counsel for Hollywood having been so advised, it had not believed that it was obligated to appear in court for hearing on the motion.

Municipal Court Rule 60(b), based upon Federal Rule of Civil Procedure 60(b), 28 U.S.C.A., provides that the court may relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; * * (3) fraud * * *, misrepresentation, or other misconduct of an adverse party;" provided a motion therefor is made within a reasonable time and "not more than three months after the judgment * * * was entered". Here the motion was not made until more than six months after judgment, and consequently the trial court could not grant relief on any of the above grounds.

Fort Stevens, however, argues that the trial court could and should have granted relief under reason (6) of Rule 60(b), which permits relief for "any other reason justifying relief from the operation of the judgment", and which is not subject to the three months' time limitation.

■ This court has consistently ruled that reason (6) of Rule 60(b) cannot be used to nullify the definite time limitation applicable to reasons (1) and (3).[2] Therefore if this case presents no ground for relief other than those specified in (1) and (3), the trial court was correct in ruling that because of the time limitation it was powerless to grant relief.

■ However we think there is in this case a feature which goes beyond reasons (1) and (3). Fort Stevens alleged that it prepared an answer to the second garnishment and mailed it to the court in the same manner it had mailed its answer to the first garnishment. Mail matter properly addressed, stamped and mailed, is presumed to have been received.[3] If Fort Stevens' allegation be true, it is possible that its answer was duly received by the court but was inadvertently misplaced or misfiled or for some other reason never reached the proper file.[4] If this was the case judgment should not have been entered, as it was, against Fort Stevens for failure to answer, because the court "was without power to enter judgment by default against the garnishee unless it failed to appear and show cause, or to answer." Mutual Ben. Life Ins. Co. of Newark, N. J. v. Flynn, 60 App. D.C. 108, 48 F.2d 1020, 1021.

■ Under these circumstances, we remand the case to the trial court to take tes-

2. Allen v. Trivett, D.C.Mun.App., 98 A.2d 787; Ellison v. Hollywood Credit Clothing Co., D.C.Mun.App., 121 A.2d 484.

3. Campbell v. Willis, 53 App.D.C. 296, 290 F. 271; 31 C.J.S., Evidence, § 136.

4. We are informed by the Clerk of the trial court that approximately four thousand garnishments issue out of that court each month and that approximately ninety per cent of them are answered by mail.

timony and determine whether in fact Fort Stevens had answered the garnishment prior to the entry of judgment against it. If it finds this to be a fact it may grant relief under Rule 60(b) (6), but it is not compelled to do so, because in exercising its discretion it should take into consideration the fact that Fort Stevens, although duly notified, failed to appear and contest the motion for judgment based upon its alleged failure to answer.

Reversed and remanded with instructions.