John J. AYOUB, Appellant,

v.

J. Paul GUE, t/a J. P. Gue and Son and Raymond B. Miller, Appellees.

No. 2219.

Municipal Court of Appeals for the District of Columbia.

Argued July 28, 1958.

Decided Jan. 2, 1959.

Frederick De Joseph, Washington, D. C., for appellant.

Edward W. Cockrell, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

◼ This appeal is taken from the denial of a motion to vacate a default judgment. The question presented is whether the procedural requirements are met when information sought by a motion for more definite statement is furnished the movant in the form of a letter.

The facts are these: Plaintiffs brought suit for damages alleging breach of contract. After service of the complaint, defendant filed a motion for more definite statement under the provisions of Municipal Court Civil Rule 12(e).[1] Although filed a few days late, the court granted the motion and made the following entry:

> "Defendant's Motion for More Definite Statement is granted. Plaintiff to inform Defendant as to the proposed method for computation of damages. Answer to be filed within 5 days."

The information sought by the motion was supplied in a letter to defendant's counsel and, other than an exchange of correspondence between counsel, no further action was taken until four months later when a default judgment was recorded by the clerk. Thereafter, the case was set on the motions calendar for *ex parte* proof of damages. A jury was impaneled

1. Rule 12(e) provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move, within 5 days after the service of the pleading upon him, for a more definite statement before interposing his responsive pleading * * *."

and a verdict for $1,500 was returned on which the court entered judgment. Defendant did not receive notice of this proceeding nor appear. Nothing more occurred until seven months later when plaintiff issued a subpoena for oral examination. Defendant then filed a motion to vacate the default judgment, urging that in failing to serve an amended complaint plaintiff had not complied with the court's order granting the motion for more definite statement. The motion to vacate was denied and the matter brought here for review.

■ While a motion for more definite statement does. not generally lie as to allegations of damages,[2] the court must have deemed the clarification of this portion of the complaint significant as the motion was granted after a hearing and argument and despite the fact that it had been filed late.[3] We need not belabor this point for the order itself is not challenged by either side. The real issue here is simply whether the plaintiffs' method of furnishing the information to defendant was procedurally correct. We hold it was not.

■ An order granting a motion for more definite statement concedes that the movant is entitled to information not furnished by his adversary's pleading, without which a responsive pleading cannot properly be prepared. The data obtained becomes a part of the pleadings[4] and is but an amendment to the original complaint. It follows therefore that the procedural requirements governing the service and filing of other pleadings are equally applicable to matter furnished under a Rule 12(e) motion. Rule 5(a) provides that all pleadings subsequent to the original complaint, unless otherwise ordered by the court, shall be served upon the par-

ties affected. We find nothing in the court's ruling which might be construed to direct service by any method other than that prescribed in the Rule. The order merely grants the motion and describes the nature of the information to be furnished. Subsection (d) of the same Rule states that all papers after the complaint required to be served upon a party shall also be filed with the court. Any informal means of supplying the movant with the information sought clearly circumvents the mandate of both of these rules. The evils of such methods are obvious. No better illustration of the dangers inherent in a practice of this kind can be offered than the case before us. The defendant may be left in doubt as to the status of the case and the record itself, as we shall show, is mired in confusion.

■ When the judgment of default was recorded by the clerk, only two entries appeared on the jacket. The first indicated that the case had been placed on the motions calendar. The second was the previously quoted order of the court granting the motion for more definite statement. The record did not contain an amended complaint or any other entry to indicate that there had been a compliance with the court's order. So long as the record reflected that there remained undisposed a motion to make the complaint more definite and certain, the clerk was without power to enter a judgment of default. As pointed out in Fort Stevens Pharmacy, Inc., v. Hollywood Credit Cloth. Co., D.C.Mun.App., 126 A.2d 309, relief from a judgment is available under Rule 60(b) (6), when it is entered without the power to do so.

■ Slight abuse of discretion in refusing to set aside a default judgment is

2. 2 Moore's Federal Practice, Para. 12.18 [3] (2d ed. 1948).

3. The motion was filed eleven days after service of complaint. In this connection, see footnote 1.

4. 1 Barron and Holtzoff, Federal Practice and Procedure § 362 (1950).

443

sufficient to justify a reversal. Manos v. Fickenscher, D.C.Mun.App., 62 A.2d 791. We think it clear from this decision that the denial of defendant's motion to vacate was improper.

Reversed with instructions to set aside the entry of default and the judgment.

